FABIAN S. POTVIN, PLAINTIFF IN ERROR, v. CURRAN & CHASE, DEFENDANTS IN ERROR.

1. **Verdict:** NEW TRIAL. A new trial will not be granted by the supreme court on the ground of a want of sufficient evidence to support the verdict, unless the want is so great as to show that the verdict is manifestly wrong. Rule applied.

2.  **Real Estate Broker:** COMMISSION. Where the price of property and the terms of payment are fixed by the seller; and the broker engages to procure a purchaser at that price and upon those terms, if, upon the procurement of the broker, a purchaser is produced, with whom the seller himself negotiates and effects a sale, although the terms may be changed, and even the sale itself finally abandoned, he is entitled to his commission.

3.  ———:   ———.  And he is also in such case entitled to his commission, even although the seller see fit to let the contract rest in parol, whereby he may be unable to enforce it.

4.  **Statute of Frauds.**  Whether payment of a considerable part of the purchase money on a parol contract for the sale of real estate will take it out of the statute of frauds, *quære*.

ERROR to the district court for Lancaster county.  Tried below before POUND, J.

*J. R. Webster*, for plaintiff in error, cited: *Coleman v. Meade*, 13 Bush., 358.   *Wylie v. Marine Bk.*, 61 N. Y., 415.   *Schwartze v. Yearly*, 31 Md., 270.   *McGavock v. Woodlief*, 20 How., 221.   *Middleton v. Findlar*, 25 Cal., 76.

*S. P. Vanatta*, for defendants in error, cited: *Love v. Miller*, 53 Ind., 294.   *Kock v. Emmerling*, 22 Howard, 69.   *Pearson v. Mason*, 120 Mass., 53.   *Lest v. Norton*, 43 Com., 219.   *Simonson v. Kissick*, 4 Daly, N. Y., 143.

LAKE, CH. J.

One of the alleged errors is, that the verdict is not supported by sufficient evidence.   We are of the opinion, however, that it is.   The action was brought to recover the sum of fifty dollars as the stipulated consideration or commission for furnishing to the plaintiff in error a purchaser of a leasehold interest in certain real estate, which he was desirous of selling, at the fixed price of two thousand dollars.

There is some conflict in the evidence, to be sure, but,

under the rule of this court, that a verdict not manifestly wrong will be sustained, it is ample to justify the ruling of the learned judge of the district court in refusing a new trial.

The defense to the action seems to rest upon the claim that no completed sale of the property was made, wherefore there could have been no purchaser, and consequently no commission earned.  If, however, the testimony of Curran be accepted as embodying the true state of facts (and we see no reason for holding that the jury were not warranted in so taking it), then it is clear that a purchaser was furnished, to the satisfaction of Potvin, and a sale actually made to him.

In his testimony, Curran says: "I was employed by Fabian S. Potvin, as one of the firm of Curran & Chase, to sell his interest in a certain building on O street between Eleventh and Twelfth streets, in Lincoln, Nebraska.    *
*    *    Potvin told me that he wanted to sell his interest in the property    *    *    *    and that, if I could furnish him a customer, he would give me fifty dollars commission.  I told him I would try and do the best I could in looking up a purchaser.  I found a man by the name of Lockwood looking for property.  I took him over,    *
*    *    introduced him, and said to Mr. Potvin that Mr. Lockwood would like to look the property over which he wished to dispose of.  Mr. Potvin showed it to him, and Mr. Lockwood said to Mr. Potvin: 'If you will give me two or three days to look the matter over, I will call;' and Mr. Potvin said, 'No;' that he would only give him until noon of the same day.  Some time before noon of that day, Mr. Lockwood came to me and said that he had concluded to take the property.  I went with him down to Mr. Potvin, and Mr. Lockwood said to Mr. Potvin: 'I have concluded to take your property if this offer will do; I will pay you two hundred dollars down now, and the balance the next Monday or Tuesday.'  Possibly it might have

been Wednesday. Mr. Potvin told him that would do. So Mr. Lockwood paid him (Mr. Potvin) two hundred dollars, and took Potvin's receipt for the same. And I said: 'That is all right then, is it?' He said, 'Yes.' I told him I was in a hurry, and left." Curran testified still further on his cross and re-direct examination, but to the same effect. Among other things, he said: "Mr. Potvin agreed to accept the two hundred dollars as part payment, and to extend the time until next week for the balance; and, as I understood it, gave his receipt in that way for the said sum of two hundred dollars. After I produced the purchaser, Lockwood, to defendant, I did not have anything to say. Potvin and Lockwood did the talking, and really made the bargain."

On the other hand, Potvin swore that no sale was really made; that the two hundred dollars was simply "forfeit money," which he was to have in case Lockwood did not take the property. And in this he is corroborated by Lockwood himself, who testified to the effect that by the arrangement he was under no binding obligation to take the property.

It is an important circumstance, however, and one strongly supporting the view of the case taken by the jury, that Curran's description of the writing or receipt given by Potvin for the two hundred dollars was not controverted. If its character were not in fact such as he claimed it to have been, it seems strange that it was not produced, or, if lost or destroyed, its contents made known by verbal testimony.

Certain of the instructions given to the jury are also complained of. Of these, the first, second, and third were clearly right. Taken together, they were to the effect that when the price of property and terms of payment are fixed by the seller, and the broker's engagement is to procure a purchaser at that price and upon those terms, if, upon the procurement of the broker, a purchaser is produced with

whom the seller himself negotiates and effects a sale, although the terms may be changed, and even the sale itself finally abandoned, he is entitled to his commission. This, we think, was a correct statement of the law applicable to the facts of the case.

Whether the other instruction to which exception was taken was right, we have some doubt; probably it was not. It was to the effect that payment of a considerable part of the purchase money on a parol contract for the sale of land will take it out of the statute of frauds. It is generally held, we believe, that it will not. But, however this may be, from the view we take of the case, the instruction was unimportant. There is not a particle of doubt that Curran performed his obligation to the complete satisfaction of Potvin. He undertook to produce a purchaser, and he did it. Neither is there any doubt of the fact that Potvin made a sale of the property to that purchaser for the stipulated price, and even if he did see fit to let the contract rest in parol, Curran was not to blame for it, nor should he be compelled to suffer on account of it. We have no doubt that justice has been done, and the judgment must be affirmed.

JUDGMENT AFFIRMED.