ALFRED D. JONES v. GROVER STEVENS.

FILED MAY 2, 1893. No. 5105.

1. Real Estate Brokers: WHEN RIGHT TO COMPENSATION ACCRUES. Where a real estate broker is employed to procure a purchaser of real property, he is entitled to compensation when he has secured a proposed purchaser ready, able, and willing to buy the property on the terms and conditions upon which the said broker is authorized to procure such purchaser. This right to compensation will not be impaired by the subsequent inability or unwillingness of the owner to consummate such sale on the terms prescribed.

2. Witnesses: CROSS-EXAMINATION: EXCEPTION: DISCRETION OF TRIAL JUDGE. The presiding judge, of necessity, is vested

57

with a sound judicial discretion as to limiting the cross-exami-
nation of a witness, and where the same question has been three
times propounded, it is not error to prohibit a like question to
be again asked under penalty of forbidding further cross-exami-
nation. No exception thereto having been taken, there is in this
court no reviewable question presented.

ERROR from the district court of Douglas county. Tried
below before DAVIS, J.

*C. A. Baldwin,* for plaintiff in error.

*Switzler & McIntosh, contra.*

RYAN, C.

This was an action brought by Grover Stevens against
A. D. Jones, for the sum of $1,400 and interest thereon,
alleged to have become due the said Stevens as compensation
for having procured for Jones a purchaser for lot eight
(8), in block one hundred forty (140), in the city of Omaha.
The petition also alleges that said property was listed by
Jones with Stevens, who was a real estate broker in Omaha,
at the price of $70,000, of which $20,000 was to be paid in
cash, the balance to be allowed to run at the option of the
purchaser, but to draw seven (7) per cent interest per an-
num. It was also averred that Jones agreed that if
Stevens would procure him a purchaser for said lot on
said terms, Jones would pay Stevens $1,400 for such
services, and that, as required, he, the said Stevens, did
procure a purchaser ready, able, and willing to take the
lot on the terms proposed.

The answer admitted that at the time alleged, Stevens
was a real estate broker, and denied each other averment
made in the petition, and denied that Jones ever em-
ployed Stevens to procure a purchaser; and denied that
Stevens ever did procure a purchaser able, ready, and will-
ing to purchase on the terms for which Jones would sell.

There was a reply in general denial of the averments of
the answer.

Jones v. Stevens.

The examination of this case has been much simplified by the admission at the close of Mr. Sweezy's testimony as follows: "It is agreed that Mr. Sweezy was ready and able to make the bargain." As the gentleman last named was the proposed purchaser of said lot, who had been procured by Stevéns to agree to take the same, there was thus admitted a compliance with two of the conditions necessary to a recovery upon the theory of the plaintiff in the district court. The other condition was, whether Mr. Sweezy was willing to take the property on the terms proposed. In relation to this requirement, counsel for plaintiff in error vigorously insists that the lot was incumbered to a large amount by reason of a general judgment against Jones, and on account of specific liens decreed against the property, and contends therefore that Sweezy refused to consummate the purchase. Upon this contention there was contradictory evidence. There was, however, a preponderance sufficient to establish the facts, that these incumbrances were talked over by Jones with Stevens, and also with Sweezy, and that Jones insisted that these would not prevent the consummation of the sale, for that Jones would use the avails of the sale to place the title in a condition satisfactory to Sweezy. The manner in which this was to be accomplished was by Jones stated to Sweezy, and by him approved, upon which Sweezy offered to arrange the matter at once, but Jones deferred further action until he should see his counsel. It is also established by a preponderance of the evidence that Jones stated to Sweezy that the lot was Sweezy's, immediately thereafter saying to defendant in error that he (Jones) would close up the matter, and that he (Stevens) was entitled to his commission. Undoubtedly it was thereafter found more impracticable to arrange as to the liens than Mr. Jones had anticipated, but that does not abridge Mr. Stevens' right to a commission if he had already earned it. The instructions very aptly stated the issues and the law applicable thereto. True, the

plaintiff in error criticises these instructions and requested others, on the theory that it was necessary for Stevens to have accomplished a sale of the lot; to secure a proposed purchaser ready, able, and willing to buy on the prescribed terms, not being, in his view, sufficient in law, or within the averments of the petition. It will be observed that as to the allegations of the petition this criticism is not well founded; as to the law applicable it is equally at fault. (*Vide Potvin v. Curran*, 13 Neb., 302.)

Complaint is made that the court improperly limited plaintiff in error's cross-examination of the defendant in error. The bill of exception shows that counsel for plaintiff in error asked this question: "When did you make this contract with Mr. Jones to sell this property?" which was answered, "When he listed the property." The question was immediately repeated, and an objection thereto was sustained and an exception taken. Very soon thereafter this question was again repeated, whereupon the presiding judge said, after an objection and exception had again been noted, "If you ask another question of that kind I will stop the cross-examination of this witness." No exception was taken to this announcement and the cross-examination thenceforward proceeded in an orderly manner. There is, therefore, no question for review properly presented by the record, nor does the plaintiff in error show that this announcement of a future intention, upon the happening of an event which in fact never did happen, prejudiced his rights in any manner or degree whatever. The presiding judge must be allowed a certain discretion in the limitation of the right of cross-examination, and we fail to see that this discretion has in any manner been abused.

The verdict is fully sustained by the evidence, there was no error in the rulings of the court, and the judgment of the district court is

AFFIRMED.

THE other commissioners concur.