SIDNEY S. STEWART V. HENRY C. SMITH.

FILED FEBRUARY 16, 1897.    No. 7117.

1. **Review: SUFFICIENCY OF EVIDENCE.** A case will not be reversed on the ground of the insufficiency of the evidence to sustain the verdict where there is not such a lack of evidence in its support as to lead to the conclusion that it is manifestly wrong.

2. **Action for Commission on Sale of Land: VERDICT FOR DEFENDANT.** Evidence in this case *held* sufficient to sustain the verdict rendered.

3. **Real Estate Agents: COMMISSION.** A real estate broker who is employed to sell or dispose of property has no claim for a commission until he has furnished a purchaser for the property, willing and able to buy it upon such terms and at the price prescribed by the vendor.

4. **Instructions: REQUEST.** If further and more specific instructions are desired on a point covered by the charge given, they must be prepared and presented on behalf of the party in whose interest it is contended they were necessary.

5. ———: **REVIEW.** Certain instructions attacked as erroneous *held* applicable to the evidence, and, when read and construed in connection with other branches of the charge, not to be erroneous or prejudicial to the rights of the complaining party.

ERROR from the district court of Johnson county. Tried below before BUSH, J.  *Affirmed.*

*L. C. Chapman* and *W. E. Stewart,* for plaintiff in error.

*E. W. Thomas* and *J. Hall Hitchcock, contra.*

HARRISON, J.

In this action the plaintiff sought to recover a sum alleged to be his due from defendant as commission on sale of real estate alleged to have been effected by him for defendant. The material portions of the petition filed, after allegations of defendant's ownership of the real estate, were as follows:

"That this plaintiff and defendant, on or about the 3d day of September, 1892, entered into an agreement in which it was stipulated that this plaintiff was to find for and furnish to this defendant a purchaser for the real property aforesaid.

"3. That the terms named in the said agreement on which this plaintiff was to furnish to this defendant a purchaser was as follows: $4,500, $2,500 in cash, purchaser to assume a mortgage then on the land of $2,000, as a part of the purchase price to be paid.

"4. That in accordance with the agreement aforesaid this plaintiff did, on or about the 6th day of October, 1892, furnish to this defendant a purchaser for the said real property aforesaid; that the said purchaser agreed to and with this defendant to purchase the said land upon the terms aforesaid; that at the time of the said agreement between this defendant and the purchaser of the said land the said purchaser was in a financial way able to comply with his part of the contract; that the said purchaser was a *bona fide* purchaser.

"5. That the said service rendered by this plaintiff to this defendant is reasonably worth the sum of $137.50."

The answer contained an admission of the ownership of the property described in the petition and a general denial of each and every other allegation of the petition. A trial of the issues in the district court of Johnson county, where the suit was instituted, resulted in a ver-

Stewart v. Smith.

dict and judgment favorable to defendant, from which this error proceeding on behalf of plaintiff has been prosecuted to this court.

One assignment of error presents the question of the sufficiency of the evidence to support the verdict rendered. The sale of the land, on the negotiation of which this action is predicated, was never completed by any payment of the purchase price or any portion thereof, or by any transfer or agreement therefor. Indeed the evidence, although conflicting, warranted a finding that no definite or settled arrangement had been reached as to the terms of a contemplated sale. Of the conflicting evidence there was also sufficient to sustain a finding that plaintiff had never been employed by defendant to sell the land, and possibly that the relation of principal and agent in regard to such sale had never, directly or indirectly, by stated contract or by acts of one accepted by the other, been given an existence; and further, that the party, the prospective purchaser furnished by plaintiff, was not at the time ready and able to complete the purchase according to the proposed terms of sale. These are all essential elements without the appearance of which, in an action of this character, the plaintiff was not entitled to recover, and the contrary finding, based on sufficient evidence, will not be disturbed. "A new trial will not be granted by the supreme court on the ground of a want of sufficient evidence to support the verdict, unless the want is so great as to show that the verdict is manifestly wrong." (*Potvin v. Curran*, 13 Neb., 302.)

It is of the assignments that the trial court erred in giving the first instruction requested for defendant. The alleged error in this instruction was that it informed the jury that the evidence, to entitle the plaintiff to a recovery, must show that the relation of principal and agent, in respect to the proposed sale of the land, existed between the plaintiff and defendant; also, that it was not applicable to the evidence. With reference to the latter, suffice it to say that it was applicable to the evidence, and in

regard to the former, when the instruction was viewed as it should be, in connection with further instructions, prepared and given at the instance of counsel for plaintiff, the jury could only understand it must appear that the relation of employe and employer existed; that plaintiff represented and did any acts alleged to have been performed by him in and about the negotiations for a sale of the land, for and in behalf of defendant, and thereby became entitled to compensation.

It is complained that it was error to give an instruction asked for defendant, that the plaintiff must establish the procurement of a purchaser ready and willing and of the financial ability to complete the purchase for the price and on the terms and conditions originally required by the owner of the land. Counsel say: "That the proposed purchaser must be able, as well as willing, to perform, we do not deny; but we contend that ability to perform is presumed, in absence of evidence to the contrary, and if inability is a defense, it must be pleaded and proven by the defendant. This instruction changed the burden of proof, which is error on the part of the court;" citing, with others, the case of *Grosse v. Cooley*, 45 N. W. Rep. [Minn.], 15, wherein it was held: "Where a real estate broker has procured a purchaser for the property of his principal, the solvency and ability of such purchaser to perform the obligations of his contract will be presumed until the contrary is proven." This is but saying that when the proof shows that a purchaser was procured who entered into a contract for the purchase of the property, a *prima facie* case has been made by the plaintiff; that the presumption will prevail that the party is able to perform. This, if the rule in this state, which we need not now decide, does not and did not conflict with what was stated in the instruction the subject of this attack. Unquestionably the plaintiff must both plead and prove the ability to perform,—must establish a *prima facie* case. What facts proven and their necessarily attendant presumptions might suffice as a performance of such task,

if a matter demanding further instruction, devolved the duty on counsel for plaintiff, of the preparation and presentation for giving of such an instruction. This they failed to do, and the complaint, if it could have prevailed, is without force.

Error is specifically assigned of the giving, in the charge to the jury, of each of the instructions, third, fifth, and sixth, requested for the defendant. These instructions were applicable to the evidence, and when read and construed in connection with the other portions of the charge, especially those given at the request of counsel for plaintiff, were not erroneous or prejudicial to the rights of plaintiff, hence the objections to them must be overruled. No available errors have been assigned and presented, and it follows that the judgment will be

AFFIRMED.