· 52    79|
¦ 53    766|

## ADAMS-SMITH COMPANY v. HARRY V. HAYWARD.

FILED JUNE 15, 1897.    No. 7267.

1. Assignments of Error: WAIVER.    An assignment of error not argued will be deemed waived.

2. Instructions: EXCEPTIONS.    An exception to the entire charge of the court, which contains several distinct instructions, is insufficient on review unless each paragraph is bad.

3. ———: ASSIGNMENTS OF ERROR.    Errors in respect to giving instructions must be separately assigned.

4. Contract of Employment: PENALTY.    The provision in the contract of employment set out in the opinion relating to the retention by the employer of one month's wages, held to be in the nature of a penalty to secure a faithful performance of the stipulations on the part of the employe.

5. Action for Commissions and Salary: VERDICT FOR PLAINTIFF.    Held, That the verdict is sustained by sufficient evidence.

ERROR from the district court of Douglas county. Tried below before SCOTT, J.    Affirmed.

*Bartlett, Baldrige & De Bord,* for plaintiff in error.

*Brome & Burnett, contra.*

NORVAL, J.

Adams-Smith Company, a corporation, is a wholesale dealer in wines, liquors, and cigars.    Harry V. Hayward, plaintiff below, was its traveling salesman, and he brought this action to recover a balance alleged to be due

him for salary and commissions earned. The petition contained three counts: (1.) To recover $34.65 as commissions on a sale of a bill of goods for the defendant to Lueck & Warney of Stanton. (2.) The sum of $23.92 as a balance on commissions earned while in the defendant's employ. (3.) $416.69 as salary for the month of October, 1891. A jury trial resulted in a verdict and judgment for plaintiff for the full amount claimed.

The several assignments of error, nine in number, relating to the admission and rejection of testimony, not having been argued in the brief, will be treated as waived.

The charge of the court consisted of five distinct and separately numbered paragraphs, and the one numbered 4 is criticised in the brief of counsel. It cannot be reviewed, since an exception to the instructions given was taken in the court below *en masse*, and they were grouped in one assignment in the motion for a new trial. (*Union P. R. Co. v. Montgomery*, 49 Neb., 429.)

The sole assignment requiring attention relates to the sufficiency of the evidence to sustain the verdict. For convenience the first two causes of action will be considered together. It is not disputed that plaintiff below sold Lueck & Warney for defendant a bill of goods; and that if the sale was absolute and not conditional, plaintiff is entitled to commissions thereon in the sum of $34.65. The defendant insists that without its knowledge and consent the goods were sold to Lueck & Warney upon their approval merely, and that the vendees had the option of returning the goods if they were found upon delivery to be unsatisfactory; that this option was exercised, and the goods for the sale of which the commission is charged were returned to the defendant. The testimony of Emil Lueck tends to establish that the sale was made upon the condition above stated. On the other hand, plaintiff testified positively that there was no such agreement or arrangement, but that the sale was an absolute one. A perusal of the evidence convinces us that it was ample to sustain the theory of plaintiff as to his first

cause of action.   It is not controverted that defendant
at one time owed plaintiff a balance of $23.92 on commis-
sions.   But this sum was paid by the defendant as return
freight on the said goods shipped to Lueck & Warney, and
then charged plaintiff therewith.   The jury having found
in favor of plaintiff's contention as to the first cause of
action, it follows that he is not chargeable with the said
sum paid by defendant as freight, and that the finding of
the court relating to the second count of the petition is
upheld by the evidence.

We pass to a consideration of the third cause of action.
Prior to June 30, 1891, plaintiff was to receive from de-
fendant commissions on sales, as compensation for his
services.   On said date the parties entered into a written
agreement, of which the following is a copy:

"This agreement, made June 30, 1891, between Adams-
Smith Co., Chicago, Ills., party of the first part, and H. V.
Hayward, party of the second part.

"Adams-Smith Co. does hereby engage H. V. Hayward
as traveling salesman for the term of one year, com-
mencing today, and to pay him for his services five
thousand ($5,000) dollars, payable in monthly install-
ments of four hundred and sixteen dollars and sixty-seven
cents, which amount includes salary and traveling ex-
penses.

"H. V. Hayward, in consideration of above, agrees to
travel ten full months on the road, and to sell not less
than fifty thousand ($50,000) dollars worth of our goods
at list prices, exclusive of champagnes, case brandies,
Dekuyper gin in cases, ales and stout, and mineral waters;
and H. V. Hayward further agrees that the sum of four
hundred and sixteen ($416) dollars and sixty-seven cents
*shall be held back by Adams-Smith Co., and be forfeited at any
time it (A. S. Co.) so elects to cancel this agreement.*   H. V.
Hayward further agrees that A. S. Co. shall have the
right to reject any orders taken by him, and that they
shall be the sole judges of credits.

"It is further understood and agreed that Adams-Smith

10

Co. *reserve the right to cancel this agreement, and that it shall be void at any time they so elect.*

"ADAMS-SMITH CO.,
"By J. FLEISHMAN, *Pres.*
"H. V. HAYWARD."

Plaintiff worked for the defendant under said contract from July 1 to November 1, 1891, when the former was discharged by the latter, who terminated the employment under the option given it by the contract. Plaintiff received his salary for the months of July, August, and September; but defendant refused to pay the same for the month of October on the ground that the same was forfeited by the terms of the said agreement. It is true the right was reserved to the defendant to cancel and terminate the contract of employment. The agreement under consideration gave to the employer the power to withhold from plaintiff a sum equal to one month's salary, which amount was to be forfeited to the defendant at any time it should elect to annul the agreement, but its right to claim the forfeiture depended upon whether good and substantial ground existed for the termination of the contract of employment. It was never contemplated by the parties that the defendant should forever retain one month's compensation should it arbitrarily and without reasonable cause discharge plaintiff, but its right to it depended upon whether the latter was responsible for the termination of the agreement. Unless plaintiff was in default, or violated his agreement, it could not have been the intention of the parties that he should forfeit any portion of his salary. The provision for retaining one month's salary was in the nature of a penalty to secure a faithful performance of the agreement by the plaintiff. The evidence was sufficient to justify the jury in returning a verdict against the defendant upon each cause of action. The judgment is

AFFIRMED.