JULIUS H. LANGHORST v. WILLIAM COON.

FILED FEBRUARY 17, 1898.    No. 7740.

1. **Instructions: REVIEW.**  An assignment of error against an entire charge is unavailing where one of the instructions is faultless.

2. **Review: INSTRUCTIONS: ASSIGNMENTS OF ERROR.**  Errors in respect to refusing instructions must be separately assigned in the motion for a new trial and petition in error.

3. **Real Estate Agents: COMPENSATION.**  Ordinarily a real estate broker, who for a commission undertakes to sell land on certain terms and within a specified period, is not entitled to compensation for

his services unless he produce to the owner a purchaser within the time limited who is able and willing to buy upon the terms prescribed in the contract of employment.

4. **Review: CONFLICTING EVIDENCE.** A verdict based upon conflicting evidence will not be disturbed on review.

ERROR from the district court of Cass county. Tried below before CHAPMAN, J. *Affirmed.*

*J. H. Haldeman,* for plaintiff in error.

*Beeson & Root, contra.*

NORVAL, J.

Plaintiff sued to recover commissions for effecting the sale of real estate, and from the judgment rendered against him he prosecutes an error proceeding.

Complaint is made in the brief of the giving of five instructions. The charge of the court consisted of seven consecutively numbered paragraphs, and they were all grouped in a single assignment in the motion for a new trial, as well as in the petition in error. Two of the seven instructions are not assailed in the brief, and an examination of them convinces the court that they are faultless; therefore, the assignment relating to the giving of instructions will not be further considered. (*Union P. R. Co. v. Montgomery,* 49 Neb. 429; *Adams-Smith Co. v. Hayward,* 52 Neb. 79.)

Error is assigned for the refusal to give instructions 1 to 5 requested by plaintiff. Two of these requests are not included in the transcript, and the third was properly refused, because it was practically an instruction to return a verdict for plaintiff. Under the authorities the other requests need not be considered, since they were not separately assigned for error in the motion for a new trial and petition in error.

It is finally argued that the evidence fails to sustain the verdict. The testimony was conflicting. That introduced by plaintiff tended to show that he was em-

ployed by the defendant to procure a purchaser of the farm of the latter at a specified price, and was to receive as commissions for his services the sum of $400, and that in pursuance of such agreement plaintiff did induce one Peter Reutter to buy the land. On the other side, testimony was adduced to the effect that plaintiff was given two weeks in which to procure a purchaser for the farm, and that plaintiff was to receive for his services all in excess of $9,200; that at the expiration of that period he informed the defendant that he could not make the sale for said sum, and afterwards defendant himself sold the land to Reutter for said sum. The conflicting testimony was submitted to the jury under appropriate instructions, and the proofs are ample to sustain a finding in favor of the defendant. If the contract of employment was conditional, plaintiff could not recover without establishing that the conditions on his part to be performed had been fulfilled. (*Beatty v. Russell,* 41 Neb. 321; *Barber v. Hildebrand,* 42 Neb. 400.) It is a fact that plaintiff was instrumental in enabling defendant to dispose of his farm to Reutter, but plaintiff stipulated as to the terms upon which he was to receive a compensation, and these stipulations cannot be disregarded. The delay in making the sale was through no fault of defendant, so far as the record discloses. The judgment is

AFFIRMED.