JOE FELTHAUSER, APPELLEE, v. ROBERT C. GREEBLE, APPELLANT.

FILED DECEMBER 19, 1916.   No. 19066.

1. **Trial: VERDICT: CONSTRUCTION OF CONTRACT.** It is for the court to construe and determine the meaning of a written contract; but where the pleader is in doubt and sets out the alleged meaning in his pleading, and evidence is introduced by both plaintiff and defendant on that question, a verdict of the jury under proper instructions, not excepted to, should not be set aside.

2. **Appeal: AFFIRMANCE.** A judgment should not be reversed for a refusal to strike such allegation from the petition, when the jury has correctly determined the meaning of the contract.

3. **Brokers: COMMISSIONS.** Where a real estate broker, employed for a commission, presents to the principal a proposed purchaser, it is for the principal to decide whether the person is acceptable; and, if without fraud or concealment or other improper practice, he enters into a binding and enforceable contract for the sale of the land, the broker has earned his commission, and the seller should not be permitted to say that the broker has not complied with the terms of his agreement.

4. ———: **CONTRACTS: SIGNATURE.** The fact that the signature of the broker to the contract appears under the name of one who signed it as a witness is not entitled to serious consideration, where the evidence shows that the broker signed it as a binding contract.

APPEAL from the district court for Otoe county: JAMES T. BEGLEY, JUDGE. *Affirmed.*

E. F. *Warren* and W. F. *Moran,* for appellant.

W. W. *Wilson, contra.*

HAMER, J.

This was an action by a real estate agent to recover from the defendant a sum of money which he alleged to be due him, on a written contract, for the sale of defendant's half section of land in Otoe county. The brokerage contract reads as follows:

"Nebraska City, Neb., May 23, 1913.

"This contract entered into this twenty-third day of May between Robert Greeble, party of the first part, and Joe Felthauser, party of the second part, whereas Robert Greeble is the owner of the north ½ of section 28, township 8, range 14, I appoint Joe Felthauser as my sole and exclusive agent for thirty days for the sale of the same. Party of the first part is to have $48,000, or $150 per acre for the within described land. Felthauser is to have 1% for his commission for selling the said land and all over and above $48,000 should be Felthauser's commission. I further agree to pay Felthauser 1% on any other price agreed upon between me and the purchaser that Felthauser may bring, and I close a deal with and receive such earnest money as I agree upon.

"R. C. GREEBLE.

"Witness: L. F. IMM.

"JOE FELTHAUSER."

Plaintiff alleged: (2) That, pursuant to said agreement, plaintiff on May 24, thereafter sold to one Herman Wickhorst said land for the sum of $50,000, and on said date Wickhorst and said Greeble entered into a valid written contract for the sale of said land, said Wickhorst paying said Greeble in cash the sum of $3,000 and agreeing to pay him the further sum of $19,000 on the 1st day of March, 1914, at which time the said Greeble was to make, execute and deliver to the said Wickhorst a good and sufficient warranty deed for said land, and the said Wickhorst was at the same time to give said Greeble a mortgage on said land for $28,000, that being the remainder of the purchase price, said mortgage to

run for five years at 5 per cent. per annum interest; that said contract between the said Wickhorst and said Greeble was executed in duplicate, each of said parties retaining a copy; that plaintiff has no copy thereof, and is unable to give all the details thereof, but has set forth the substance thereof. (3) That plaintiff's commission for making said sale is $2,480, of which defendant has paid only $480, and that there is still due the plaintiff on account thereof from the defendant the sum of $2,000, no part of which has been paid, though demanded, with interest from March, 1914, at the rate of 7 per cent. Wherefore he asks judgment for $2,000 and interest.

Defendant filed a motion requesting the court to strike that part of the petition alleging the meaning of the contract, which motion was overruled.

Defendant also demurred to the petition, and the demurrer was overruled.

The defendant then filed an answer as follows: (1) Denied each and every allegation of the amended petition, not admitted; (2) that said amended petition does not state facts sufficient to constitute a cause of action against the defendant; (3) admits that he paid plaintiff as commissions on his alleged sale and as payment for his services in said transaction the sum of $480, and alleges that plaintiff received and accepted said sum in full payment for his alleged services, and that this defendant paid the same as and for full settlement, accord and satisfaction for any and all claims the plaintiff had, or might have, against the defendant for any services whatever rendered by plaintiff for the defendant; (4) demands judgment that the action be dismissed and for costs.

The plaintiff replied denying the payment of the $480 was in full of plaintiff's commission; denies that plaintiff received said payment in full for his said services in making said sale. Further replying plaintiff denies each and all allegations of the answer.

On the issues thus joined the cause was tried to a jury. Plaintiff had a verdict for $2,095.22. Judgment was rendered on the verdict, and the defendant has appealed.

It is appellant's first contention that the trial court erred in overruling his motion to strike certain allegations from the petition. As we view the brokerage contract, it was not at all ambiguous and needed no explanation. The matter sought to be stricken from the petition was, to say the most, merely surplusage. The record shows, however, that testimony was received in support of that allegation, and defendant also testified as to his understanding of the contract. This question was submitted to the jury under proper instructions, therefore defendant is not in a position to complain of the ruling.

Appellant next contends that the brokerage contract required plaintiff to sell the land for cash, and he, not having met its requirements, was not entitled to recover. This contention cannot be sustained. The record discloses that, when plaintiff produced the purchaser, the defendant accepted his terms of payment, and a valid and binding contract was entered into for the sale of defendant's land for the sum of $50,000, on which defendant was paid the sum of $3,000 as earnest money when the contract was signed. By its terms the purchaser was to pay $19,000 on March 1, 1914, when he was to have possession of the land, and he was then to execute a mortgage to defendant for $28,000, the remainder of the purchase price, due in five years drawing 5 per cent. interest.

Where a real estate broker, employed for a commission, presents to the principal a proposed purchaser, it is for the principal to decide whether the person is acceptable; and, if without fraud or concealment or other improper practice, he enters into a binding and enforceable contract for the sale of the land, the broker has earned his commission, and the seller should not be permitted to say that the broker has not complied with the terms of his agreement. *Scully v. Williamson,* 26 Okla. 19, 27

L. R. A. n. s. 1089; *Lincoln Realty Co. v. Garden City Land & Immigration* Co., 94 Neb. 346; *Reasoner v. Yates,* 90 Neb. 757; *Wilson v. Mason,* 158 Ill. 304, 49 Am. St. Rep. 162.

It is said in 4 R. C. L. 309: "Once the customer procured by the broker is accepted by the employer, the latter is thereafter estopped from denying the purchaser's ability or willingness to complete the contract, inasmuch as he is not bound to accept the offer of such person without a reasonable opportunity to inquire and satisfy himself in relation to it. Consequently his acceptance should estop him from alleging anything against this claim except fraud on the part of the broker in inducing the acceptance."

The record discloses that defendant paid plaintiff $480, which was 1 per cent. of $48,000, and appellant contends that this was full payment of plaintiff's compensation. The evidence does not sustain this contention. Plaintiff produced a purchaser who entered into a contract with defendant by which defendant sold his land for $50,000. By the terms of the brokerage contract plaintiff was to have all he could obtain for the land above $48,000 as a part of his commission, in addition to the 1 per cent. on the price fixed by defendant for which defendant was willing to sell. When defendant was paid the $3,000 earnest money, he paid plaintiff $480, and nothing was said between them about full payment. That question was submitted to the jury under proper instructions and was resolved against defendant. Therefore we cannot say that the finding of the jury was clearly wrong. The contracts are all in evidence, and were before the jury, and the verdict is sustained by the evidence.

It is further contended that plaintiff only signed the brokerage contract as a witness, because his signature appears at the left-hand side of the agreement under the signature of I. F. Imm, who signed it as a witness. This contention is not entitled to serious consideration,

where the evidence shows that plaintiff signed it as his contract.

After an examination of the entire record, we are unable to say that it contains any reversible error. The judgment of the district court is

AFFIRMED.

SEDGWICK, J., not sitting.