HUSTON CO., APPELLANT, v. FRANK F. MOONEY, APPELLEE.

207 N. W. 2d 525

Filed May 11, 1973.  No. 38778.

William G. Blackburn of Cunningham, Blackburn & Von Seggern, for appellant.

William P. Mullen and Byron J. Brogan, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

CLINTON, J.

This is an action by a licensed real estate broker to recover a commission alleged to have been earned for procuring a purchaser of real estate pursuant to the terms of the listing agreement. The case was tried by the court without a jury and on conflicting evidence the trial judge found for the defendant Mooney. The plaintiff appealed. We affirm.

The listing agreement was as follows: "In consideration of your agreement to use your efforts to find a purchaser, I, or we, hereby give you the exclusive right to November 1, 1969 to offer for sale to sell the following property towit: 711 & 715 West 5th Street, Grand Island, Nebr. For the sum of $20,000.00 and upon the following terms: CASH Or such other price or terms that are acceptable to me, or us. If sale is made or a purchaser found by HUSTON CO. to whom a sale is made, I, or we, hereby agree to pay HUSTON CO. upon the following commission schedule: 6% of the gross sale."

On November 4, 1969, the plaintiff communicated with

the defendant by letter, making reference to a telephone conversation of October 31, 1969, and said: "My party, in my opinion, is being very cooperative with us and has made me the following proposition and is willing to put it in writing. . . . He will enter into a contract effective January 1, 1970, paying $1,000 down. This would be paid down somewhat as an option, holding the property to July 1, at which time interest of 8 per cent would commence and he would also pay an additional $4,000. He would pay an additional $5,000 on December 31 and the balance of $10,000. payable the following July 1 or in two semi-annual payments of $5,000 each if you prefer. . . . This looks like a choice opportunity for you to sell the property and collect some top interest, and in terms nearly which you specified yourself." The defendant testified that he was at all times unwilling to sell except for $20,000 in cash. The plaintiff testified to the contrary.

On January 28, 1970, approximately 3 months after the expiration of the listing agreement, the defendant himself sold the property for $20,000 cash plus abstract costs to Harold Green, Jr., the party with whom the plaintiff had been negotiating. There is no evidence in the record to indicate that the plaintiff was at any time able to obtain from Green an offer to purchase for $20,000 cash. The record supports the conclusion that the consummation of the sale upon terms acceptable to the defendant was the result of the efforts of the defendant himself after the listing had expired. The record does show that previous to the listing with the plaintiff there had been direct negotiations between Green and the defendant and between Green and other real estate agents with whom the property had been listed previously. These earlier contacts were as far back as 1964 or 1965, but the parties had never been able to come together on an agreement.

The trial court specifically found: "That the Contract between the parties provides that the described real

estate was to be sold for $20,000 cash; the Plaintiff at no time secured a buyer for $20,000 cash; and that the Defendant at no time agreed to accept anything other than the full amount of $20,000 cash; that after the expiration of Contract the Plaintiff personally sold the described real estate for $20,000 cash. . . . The Court further finds that the Plaintiff failed to procure a purchaser within the terms of the listing agreement; that there was no breach of contract or fraud on the part of the Defendant. . . ."

The applicable rules are: The findings of the court in a law action in which a jury has been waived have the effect of a verdict of a jury and will not be disturbed on appeal unless clearly wrong. Pester v. American Family Mut. Ins. Co., 186 Neb. 793, 186 N. W. 2d 711. Where a real estate broker is employed to procure a purchaser of real property, he is entitled to compensation when he has secured a proposed purchaser ready, able, and willing to buy the property on the terms and conditions upon which the broker is authorized to procure such purchaser. Jones v. Stevens, 36 Neb. 849, 55 N. W. 251; Stewart v. Smith, 50 Neb. 631, 70 N. W. 235. Ordinarily a real estate broker, who for a commission undertakes to sell land on certain terms and within a specified period, is not entitled to compensation for his services unless he produces a purchaser within the time limited who is ready, able, and willing to buy upon the terms prescribed. Langhorst v. Coon, 53 Neb. 765, 74 N. W. 257. Where a real estate broker obtains a purchaser for real estate and no sale is made during the existence of the agreement but sale is thereafter made by the owner to the person produced by the agent but not on substantially the terms that had been offered through the agent's efforts, the broker is not entitled to a commission for making the sale. Peters v. Dreger, 146 Neb. 670, 21 N. W. 2d 436.

AFFIRMED.