L. S. CORNETT, DOING BUSINESS AS CORNETT REAL ESTATE CO., APPELLANT, V. LEONARD NATHAN ET AL., APPELLEES.
242 N. W. 2d 855

Filed June 2, 1976. No. 40355.

Robert H. Petersen of Krause, Inserra, Petersen & Burkhard, for appellant.

Eugene P. Welch of Gross, Welch, Vinardi, Kauffman & Day, for appellees.

Heard before WHITE, C. J., SPENCER, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ., and KUNS, Retired District Judge.

WHITE, C. J.

This is an action for the collection of a real estate commission allegedly due the plaintiff, a real estate broker, from the defendants. The District Court granted summary judgment to the defendants. We affirm the judgment of the District Court.

The plaintiff, a licensed real estate broker, entered into a listing agreement with the defendants, who desired to sell certain realty. The defendants promised to pay the plaintiff a 7 percent commission for his services, and the defendants listed their property for $349,700. The plaintiff presented the defendants with a potential buyer who offered the defendants $251,680 for the property. The defendants accepted the offer and entered into a purchase agreement which, among other things, provided that in the event the buyer failed to complete the sale, the $5,000 in earnest money was to be considered liquidated damages. The purchase agreement also provided that the plaintiff would get a commission of $17,617.60. After the signing of the purchase agreement, but before the sale was consummated, the buyer refused to honor the purchase agreement because he was financially unable to do so. The defendants' property was not sold, but the plaintiff still demanded his $17,617.60

commission. This placed the defendants in the position where they were entitled to only $5,000 in damages from the buyer, but owed the plaintiff over $17,000 in commission. Thus, the defendants would lose over $12,000 and still be in the same position as they were before the plaintiff presented the buyer.

Both the plaintiff and the defendants moved for summary judgment, and the District Court granted the defendants' motion. The District Court held that it was not the intent of the defendants when they signed the listing agreement and the purchase agreement to be bound to pay a commission if the sale was never consummated.

The thrust of the plaintiff's contention is that a real estate broker is entitled to his commission under the purchase agreement, such as is present in this case, at the moment that the seller and the buyer, procured by the broker, enter into a purchase agreement, regardless of whether the sale is ever consummated.

This court has consistently held that a broker has not earned his commission unless he produces a buyer who is ready, able, and willing to buy on terms satisfactory to the seller. In Wisnieski v. Coufal, 188 Neb. 200, 195 N. W. 2d 750, we said: "A broker earns his commission and becomes entitled thereto when he produces a purchaser who is ready, able, and willing to purchase at a price and upon terms specified by the principal or satisfactory to him." In Huston Co. v. Mooney, 190 Neb. 242, 207 N. W. 2d 525, this court said: "Ordinarily a real estate broker, who for a commission undertakes to sell land on certain terms and within a specified period, is not entitled to compensation for his services unless he produces a purchaser within the time limited who is ready, able, and willing to buy upon the terms prescribed."

The precise question in the case is whether a purchaser who signs a purchase agreement and later backs out because of financial inability to consummate the pur-

chase can be said to be a purchaser who is ready, able, and willing to buy. In this case, it is undisputed that the buyer was financially *unable* to consummate the sale. We fail to see how it can be argued that the broker produced a buyer who was "ready" and "able" to buy when he was financially unable to pay or consummate the sale at the agreed performance date of the contract to purchase. Although our holdings are clear in Wisnieski v. Coufal, *supra,* and Huston Co. v. Mooney, *supra,* we reexamine briefly the considerations behind those holdings. Looking to the intent of the parties in a common listing agreement, such as this is, it is clear that sellers of real estate expect to pay a commission only if the sale is completed. The very essence of the intent of the parties and the reason for the payment of substantial commission fees is the difficult task of the real estate broker producing not just a person who will sign a contract on hopes and expectation, but one who is able to pay, ready to pay, and willing to pay. Almost without exception, the only source capable of paying the commission is the proceeds from the sale of the property. A holding which would require sellers of real estate to be liable for a commission when the broker's purchaser is unable to perform would not only be contrary to the intent of the parties, as we have held, but would throw agreements for commissions on sales of real property open to confusion and possible abuse.

The position advocated by the plaintiff broker would place an almost impossible burden on the seller. The broker is employed because of his peculiar expertise. The rule advocated by the plaintiff would not only place the difficult task of determining the financial ability of the buyer on the seller, but would require that such an investigation be made prior to the time that he entered into the purchase agreement. It would require the seller to perform a function which is probably the most important reason for obligating himself to pay the broker a substantial commission fee. We

point out further that many real estate transactions, as was the transaction in this case, are made between distant parties who never actually meet face-to-face. To require a seller to check the financial status of a potential buyer who might live thousands of miles away would be totally unrealistic. In a jurisprudential sense, the only realistic answer is to place this burden and the risk involved on the broker who is hired for this specific purpose, as we have held in Wisnieski v. Coufal, *supra,* and in Huston Co. v. Mooney, *supra.*

No previous Nebraska cases deal with the precise fact situation in the case at hand. However, in cases which are directly on point, courts in other jurisdictions have come to the same conclusion as we have. In Ellsworth Dobbs, Inc. v. Johnson, 50 N. J. 528, 236 A. 2d 843 (1967), the New Jersey Supreme Court held that when a prospective buyer is financially unable to complete a purchase agreement, the broker is not entitled to his commission. "When a broker is engaged by an owner of property to find a purchaser for it, the broker earns his commission when (a) he produces a purchaser ready, willing and able to buy on the terms fixed by the owner, (b) the purchaser enters into a binding contract with the owner to do so, and (c) the purchaser completes the transaction by closing the title in accordance with the provisions of the contract. If the contract is not consummated because of lack of financial ability of the buyer to perform * * *, there is no right to commission against the seller." See, also, Taylor Real Estate & Ins. Co. v. Greene, 274 Ala. 694, 151 So. 2d 397. The New Jersey Supreme Court even went so far as to say that a provision in a listing agreement to the contrary would be "so contrary to common fairness, as to require a court to condemn it as unconscionable."

The plaintiff cites several Nebraska cases to back up his contentions. They are distinguishable on the facts.

In Felthauser v. Greeble, 100 Neb. 652, 160 N. W. 983, the broker produced a buyer, but on terms different

than originally desired by the seller. The seller did accept the buyer's terms and the sale was consummated. The court held that the broker was entitled to his commission because the seller accepted the terms of the buyer. But the case is not on point. In Felthauser v. Greeble, *supra,* there was no issue of the buyer backing out of the contract. In Lincoln Realty Co. v. Garden City Land & Immigration Co., 94 Neb. 346, 143 N. W. 230, the seller apparently refused to consummate the sale, and the court held that the broker had earned his commission. These facts obviously are not the facts we are faced with today. Although Felthauser v. Greeble, *supra,* and Lincoln Realty Co. v. Garden City Land & Immigration Co., *supra,* are distinguishable on the facts, there is some language which might lead to a conclusion different from the one reached today. Therefore, any language in those cases which is contrary to this decision is disapproved.

The judgment of the District Court is correct and is affirmed.

AFFIRMED.