## Watt v. East End Car Wash

*James P. Coho,* for plaintiff.
*David I. Davis,* for defendants.

MUELLER, *J.,* June 8, 1982 — Before the court are plaintiff and defendants' exceptions to the verdict following a non-jury trial in favor of plaintiff entered by Judge Paul A. Mueller, Jr., on January 28, 1982.

Plaintiff, David S. Watt, a licensed real estate broker, and defendants Wilbur L. Gibble and Benjamin W. Cope, partners trading as East End Car Wash, entered into an agreement on November 23, 1979 whereby plaintiff was to act as defendants' sole and exclusive agent for the sale of real property owned by defendants. The terms of the agreement provided that plaintiff would be entitled to a commission of ten percent of the purchase price if the property was "sold or exchanged during the term of the agency, WHETHER EFFECTED BY WHOMSOEVER, INCLUDING, MYSELF, THE OWNER.

. . ." (Plaintiff's Complaint, Exhibit A). The term of this agreement was extended through April 30, 1980. On April 30, 1980 defendants entered into an installment sale agreement with a third party, who was not procured by plaintiff. After at least nine monthly installment payments had been made, the installment sale agreement was breached by the third party and terminated by defendants. Defendants again took possession of the property.

The trial judge applied the doctrine of equitable conversion and found that by entering into the installment sale agreement defendants had sold the property within the meaning of the contract between plaintiff and defendants and plaintiff was entitled to his commission. The trial judge further found that plaintiff and defendants had orally agreed to modify the contract by reducing the commission from $8,500, which was ten percent of the purchase price, to $4,000. Defendants had argued that there was a further, written, modification of the contract. Defendants introduced at trial a letter from plaintiff to defendants outlining an agreement whereby $2,000 would be due to plaintiff on September 1, 1980, $1,000 would be due on June 1, 1981 and $1,000 would be due on June 1, 1982, but that the last two payments would be due only if the third party as buyer was not in default on the respective dates. This letter was never signed by defendants nor returned to plaintiff as required by the terms of the letter. The trial judge rejected defendants' argument and entered a verdict in favor of plaintiff in the amount of $4,000.

Defendants filed an exception to the trial judge's finding that there has been a sale by defendants to the third party and to the trial judge's application of the doctrine of equitable conversion. Defendants also filed an exception to the trial judge's findings

that the agreement between plaintiff and defendants was not further modified to make two $1,000 installment payments of the commission due only if the buyer is not in default on June 1, 1981 and June 1, 1982. Plaintiff filed an exception to the trial judge's finding that there had been an oral modification of the contract reducing the commission from $8,500 to $4,000.

The first question the court will consider is defendants' claim that the property was not sold within the meaning of the contract. Defendants admit that under the contract they would be liable to plaintiff for the commission if the property had been sold, regardless of who procured the buyer. Defendants first argue that the property was not sold because the buyer had defaulted after making payments for a few months and so the sale was never consummated.

There are no Pennsylvania cases on point and Defendants cite several cases from other jurisdictions in support of their position. In three of the cases cited by defendants, Cornett v. Nathan, 242 N.W.2d 855 (Neb. 1976), Diehl & Associates, Inc. v. Houtchens, 567 P.2d 930 (Mont. 1977) and Ellsworth Dobbs, Inc. v. Johnson, 236 A.2d 843 (N.J. 1967), the precise question presented was "whether a purchaser who signs a purchase agreement and later backs out because of financial inability to consummate the purchase can be said to be a purchaser who is ready, willing and able to buy, so as to entitle the broker who procured the purchaser to his commission," Cornett, supra, p. 857 (Emphasis added.) All three courts decided that a buyer who defaulted due to financial inability was not able to buy.

The court finds these cases are not controlling in the situation before us because plaintiff did not have

to procure the purchaser in order to be entitled to his commission under the terms of his contract with defendants. If follows that plaintiff did not have to procure a purchaser ready, willing and able to buy. Plaintiff was entitled to his commission if the property was sold, whoever procured the purchaser. The court notes that this provision was undoubtedly put into the contract to prevent the kind of behind the back dealing that plaintiff was claiming occurred. Where the broker is under a duty to procure a suitable buyer and has in fact procured the buyer who later defaults, it is reasonable to make his commission contingent upon the willingness and ability of the purchaser to buy. In this case plaintiff had no opportunity to evaluate the third party's willingness or ability to go through with the sale. Plaintiff learned of the sale from Defendant Cope after the Installment Sale Agreement had been signed. Defendants' attorney had prepared the Installment Sale Agreement. Moreover, Plaintiff's contractual duty to try to secure a suitable buyer was frustrated and his concommitant contractual right to earn his commission was denied him.

Defendants also cite Wyand v. Patterson Agency, Inc., 319 A.2d 308 (Md. 1974). The Maryland court in Wyand held that "this Court's decisions require that the word 'sold' in a commission agreement with a real estate broker be construed as meaning a consummated sale, not just the execution of a contract for sale of property." p. 310. The Wyand case, and, in fact, all the cases cited by defendants, differ from the instant case in one crucial aspect. None of these other cases involved an installment sale agreement. Under an ordinary contract for the sale of land the breach by buyer, if any, will occur on the day of settlement. Under an installment sale agreement the risk of default exists until the very last payment is

made. Legal title may not pass for decades. Without some arrangement agreed to by the broker and property owner, it is unreasonable to require the broker to wait until legal title passes while the property owner is receiving his periodic payments.

Defendants do have a remedy against the third party purchaser who breached the installment sale agreement. Admittedly, this remedy may not be worth much where the buyer has defaulted due to financial inability, but defendants took that risk of default, as does any seller, when they entered into the agreement.

Finally, defendants contend that the trial judge erred in applying the doctrine of equitable conversion to find that an installment sale agreement was a sale within the meaning of the contract. Defendants argue that the doctrine only applies to the relationship between buyer and seller. This argument is not without merit, but neither counsel was able to cite any Pennsylvania case more closely on point than Byrne v. Kanig, 231 Pa. Super. 531, 332 A.2d 472 (1974). The court in Byrne held that the doctrine of equitable conversion applied to an installment sale agreement where the issue was whether the buyer or the seller was responsible for payment of a municipal sewer lien. We find that the trial judge did not err in relying upon the guidance of Byrne and in applying the doctrine of equitable conversion to the transaction between defendants and the third party, particularly in light of the concerns expressed above.

The second question the court will consider is plaintiff's contention that the trial judge erred in finding a subsequent oral modification of the contract which reduced the commission due from $8,500 to $4,000. This was a question of credibility to be decided by the trier of fact. When a trial judge

sits without a jury, his findings of fact have the weight of a jury verdict and cannot be disturbed on appeal unless they lack sufficient and competent evidential support. Johnson Truck Rental Co., Inc. v. Fowler-McKee Co., 281 Pa. Super. 271, 422 A.2d 164, (1980). The testimony of Benjamin W. Cope, if believed, was sufficient for the trial judge to find that the parties had agreed to an oral modification.

The last question for the court to consider is defendants' claim that a further modification of the contract occurred when the parties agreed by letter to pay the $4,000 in installments with the last two payments subject to a condition precedent of the buyer not being in default. The record is clear that the letter from plaintiff to defendants which proposed the additional modification had to be signed by defendants and returned to plaintiff in order for defendants to effect an acceptance of the terms. Defendants did not do this.

## ORDER

And now, June 8, 1982, the exceptions of defendants Wilbur L. Gibble and Benjamin W. Cope, partners trading as East End Car Wash, and the exception of plaintiff David S. Watt to the decision and verdict of the trial judge are dismissed. The prothonotary is directed to enter judgment in favor of David S. Watt and against Wilbur L. Gibble and Benjamin W. Cope, partners, trading as East End Car Wash, in the sum of $4,000.