GEO. W. NICHOLAS, PLAINTIFF IN ERROR, V. ASBURY C. JONES, DEFENDANT IN ERROR.

Principal and Agent: COMMISSION TO AGENT. Where the price of property and the terms of payment are fixed by the seller, and the agent engages to procure a purchaser at that price and upon those terms, if, upon the procurement of the agent, a purchaser is produced, to whom a sale is made, even though the contract of sale may be made by the seller, the agent is entitled to his commission.

ERROR to the district court for Red Willow county. Tried below before GASLIN, J.

*S. R. Smith,* for plaintiff in error, cited: *Matthews v. Sowle,* 12 Neb., 398.    *Fultz v. Wimer,* 9 Pac. Rep., 316. *Stillman v. Fitzgerald,* 33 N. W. Rep., 564.    *Webb v. Paxton,* 32 Id., 749.    *McDonald v. Boeing,* 5 Id., 439. *Williams v. McGraw,* 18 Id., 227.

*George H. Grubb* (*E. W. Metcalfe* with him), for defendant in error, cited: *Potvin v. Curran,* 13 Neb., 304. *Hartley v. Dorr & Co.,* 15 Id., 452.    *Anderson v. Cox,* 16 Id., 10.    *Newman v. Mueller,* 16 Id., 523.

REESE, CH. J.

This action was for the recovery of the sum of $200, alleged to be due defendant in error from plaintiff in error, as commissions, or brokerage, in the sale of certain real estate.

The petition alleged, that defendant in error was employed by plaintiff in error as such agent, and that during his employment he procured a purchaser for the property, who was accepted by plaintiff in error, and to whom the property was sold, and for which services plaintiff in error became indebted to him.

The answer consisted of a general denial of each and every allegation in the petition.

A trial was had to the district court, a jury being waived, and which trial resulted in a finding in favor of defendant in error and against plaintiff in error, and judgment for the amount claimed in the petition.    A motion for a new trial was filed, assigning as ground therefor, "that the findings of the court in the case were contrary to the law and to the evidence introduced."    This motion was overruled, to which plaintiff in error excepted, and for the purpose of reversing the judgment he prosecuted error to this court.

Upon the consideration of the case, we are limited,

strictly speaking, to the ground assigned for the motion for a new trial. The only question presented by this motion, and by the brief of plaintiff in error, and, in fact, the only question which could be presented, is, whether or not the evidence was sufficient to sustain the finding and judgment of the district court? In this investigation, we can only look to the evidence, for the purpose of ascertaining whether the testimony adduced by defendant in error, if believed by the trial court, would be sufficient to sustain a finding in his favor. It is well settled in this state that this court cannot enter upon a critical examination of conflicting testimony. It is true that the agency of defendant in error was denied by plaintiff in error upon the trial, and that he has insisted throughout that defendant in error was not under his employment at the time of the sale. The converse is maintained with equal vigor and persistency by defendant in error. He testified, in substance, that he was engaged in the business of real estate agent, among other things, and that, prior to the time the sale of the real estate was made, plaintiff in error placed the property in his hands for sale, fixing the price at $7,000, and agreeing to pay him five per cent commission on the first $1,000 and two and one-half per cent on each remaining $1,000 ; that under such agreement, defendant in error entered upon the employment, and succeeded in finding a purchaser, to whom the property was sold, at the price fixed ; the principal portion of the trade being made through him.

Mr. Hobson, the person who made the purchase, testified that his attention was first called to the property by defendant in error, and that through his labors he made the purchase.

One J. M. Valentine testified that, prior to the time the sale was made, he had a conversation with plaintiff in error, in which plaintiff in error stated that he desired to sell the property, and had placed it in the hands of defendant in in error, for sale, but that he doubted his ability to con-

summate the trade, as he was "too slow;" that defendant in error was trying to sell to some other parties, but that h: did not think he would make a trade.    This conversation occurred on or about the 5th day of May, 1886, probably about one month before the sale was made.

It was admitted by plaintiff in error upon the witness stand, in substance, that he placed the property in the hands of defendant in error for sale in December or January last prior to the sale : that defendant in error went back to Iowa, and thought that he could make a trade there, but that he could not, and that nothing more was said or done about it.    There is no proof of any termination of this agency, on the part of the plaintiff in error, notwithstanding he testified positively that defendant in error was not his agent, and did not have the property for sale.    These questions of fact were passed upon and decided by the district court, and under the rule, as stated frequently by this court, that where the price of property and the terms of payment are fixed by the seller, and the agent's engagement is to procure a purchaser at the price and upon the terms named, when upon the procurement of the agent a purchaser is produced, with whom the seller, even himself, negotiates and effects a sale, although the terms may be somewhat changed, the agent is entitled to his commission.    *Potvin v. Curran*, 13 Neb., 302.

The judgment of the district court is therefore affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.