PEACH RIVER LUMBER COMPANY v. JACK MONTGOMERY.

Decided June 24, 1908.

**1.—Pleading and Proof—Agreed Compensation—Quantum Meruit.**

Plaintiff suing on allegation of an agreed price for his services can not recover, without proof of such agreement, for their reasonable value; but see findings of trial court held to show agreement as to compensation.

**2.—Land Agent—Right to Commissions.**

An agent for sale of land who procures for his principal a purchaser able, ready and willing to take it on the terms authorized is entitled to his commissions as on sale, where the principal refused to consummate the deal, and though the negotiations with the purchaser procured were conducted by the principal.

**3.—Same—Revocation of Authority.**

The principal for whom his agent for the sale of land has procured a purchaser accepting the terms offered, can not defeat the agent's right to commissions by revoking his authority after he had done so.

**4.—Land Agent—For Whom Acting.**

Evidence held to show that a land agent, in procuring a purchaser, acted for the seller and not for the buyer, and to show what the purchaser was procured by his efforts.

Appeal from the County Court of Montgomery County. Tried below before Hon. S. A. McCall.

*Llewellyn & Kayser, Maco & Minor Stewart* and *Geo. T. Burgess,* for appellant.—Plaintiff having elected to sue upon an express contract, and not on *quantum meruit,* in order to recover commission, must show

that he effected the sale in accordance with the terms of his contract. Thornton v. Stevenson, 31 S. W., 232; Eidson v. Saxon, 10 Texas Civ. App., 398; Lohner v. Wilcox, 43 S. W., 27; Gammage v. Alexander, 14 Texas, 414; Morris v. Krasling, 79 Texas, 145; Parker v. Beavers, 19 Texas, 410; McGreal v. Wilson, 9 Texas, 426; Hamilton v. Mfg. Co., 39 S. W., 641.

Where plaintiff alleges specific contract of employment he can not recover upon *quantum meruit*. Same authorities; also Jones v. Brazzil, 1 App. C. C. (White & W.), 121; McGreal v. Wilson, 9 Texas, 426; Shiner v. Abbey, 77 Texas, 1; Krohn v. Heyn, 77 Texas, 319; Thornton v. Moody, 24 S. W., 331; Nunn v. Townes, 23 S. W., 1117.

*Hill, Williams & Elkins,* for appellee.—When appellee procured a purchaser, who was able, ready and willing to purchase the property at the price and on the terms at which appellant had authorized appellee to offer same for sale, appellee had, in law, made a sale, and was entitled to his commission. Meacham on Agency, par. 612, 965, 966, 967; Gibson v. Gray, 17 Texas Civ. App., 646; Conkling v. Krakauer, 70 Texas, 735; O'Brien v. Gilleland, 79 Texas, 602; Byrd v. Frost, 29 S. W., 46.

Where an agent, acting under a contract with his principal, procures a purchaser with whom the principal closes a sale on terms different from those the agent is authorized to make, if the agent was the procuring cause of the sale consummated, it is in law his sale, and he can recover upon his contract. Graves v. Bains, 78 Texas, 92; Byrd v. Frost, 29 S. W., 46; Bowser v. Field, 17 S. W., 46; Breckenridge v. Claridge, 42 S. W., 1006; Howell v. Zimpleman, 66 Texas, 294; Conkling v. Krakauer, 70 Texas, 735; Blair v. Slosson, 27 Texas Civ. App., 403; 4 Am. & Eng. Ency. of Law, 697.

RICE, ASSOCIATE JUSTICE.—Appellee, plaintiff below, sued appellant, defendant below, alleging that defendant had contracted in writing with him whereby he was engaged to sell for it certain timber on lands in Montgomery County, Texas, agreeing to pay him for his services in making such sale five percent of whatever sum the timber was sold for; that in pursuance of said contract plaintiff spent $250 in advertising said timber for sale, and finally sold the same to the Keystone Mills Company, the price received therefor aggregating the sum of $18,528, whereby defendant became liable and promised to pay him the sum of $926.40, as commission thereon, but had failed so to do.

Defendant replied by general demurrer and general denial. The case was tried before the court without the intervention of a jury, and resulted in a judgment in favor of plaintiff against appellant for the amount sued for, from which judgment this appeal is prosecuted.

There was a statement of facts, and also findings of fact and conclusions of law by the trial judge.

By its first assignment of error appellant urges that plaintiff is not entitled to recover on the cause of action as pleaded, because, as it contends, the suit was upon an express contract, and not on *quantum meruit,* and in order to recover plaintiff must show that he effected the sale in accordance with the terms of his contract. We think the proposition

announces a correct principle of law, but do not believe that it is applicable to the facts of the present case. The suit, it is true, is for recovery upon a specific contract of employment at a certain named price for the services to be rendered thereunder, and is not a suit on a *quantum meruit;* but the evidence, in our judgment, shows a performance by plaintiff of the contract as set up, and therefore the principle contended for is not applicable. The court's findings of fact, it seems to us, settle this question in favor of plaintiff, and are as follows:

"10th. I find that the Keystone Mills Company was on January 13th, when tender of earnest money was made by Carothers (who was its representative) to plaintiff, able, ready and willing to purchase said timber at the prices and on the terms of defendant's contract with plaintiff, and that it was no fault of plaintiff that the deal was not closed at that time, but was the fault of defendant."

"11th. I find that the Keystone Mills Company was never ready nor willing to purchase said timber any time till January 13th, and its readiness and willingness was procured by plaintiff, and that the sale as finally made was induced by plaintiff, and that plaintiff's work was the procuring cause of said sale."

"12th. I find that said sale was made for the sum of $18,528, and that five per cent. on that amount is $926.40."

These findings of fact by the court find support in the statement of facts, and it clearly appears therefrom that the purchaser was procured through the agency of the plaintiff; that he was ready and willing to purchase said timber in accordance with the prices and terms of the contract; so that the objection urged by appellant is fully met. The pleadings alleged a specific contract, and the facts, as found by the court, are in accordance therewith. In section 965, Mechem on Agency, it is said: "The broker must show that he has completed his undertaking according to its terms, or that its completion was prevented without his fault by his principal."

In the present case it was shown that the plaintiff had completed his undertaking according to its terms; that is, he had found a purchaser able, ready and willing to take the property at the price and on the terms his principal had authorized him to offer it for, and that the only reason the sale was not consummated on these terms was on account of the default of appellant. (Gibson v. Gray, 17 Texas Civ. App., 646.)

If the agent is the efficient cause of the sale, and same is made through his instrumentality, he is entitled to compensation, although the principal negotiates the sale himself. (Graves v. Baines, 78 Texas, 92; West Bros. v. Thompson & Greer, 106 S. W., 1134; Pierce v. Nichols, 110 S. W., 206.)

By its second assignment of error, which is submitted as a proposition, it is insisted by appellant that the court erred in rendering judgment for plaintiff, because he sued to recover commissions for making a sale, and the evidence disclosed that such sale was not made by plaintiff. We think the findings of the court set out under the first assignment of error determine this question in favor of plaintiff. It is true, as contended by appellant, that the sale was not in fact consummated by the plaintiff; but it is also true, as found by the court, that the plaintiff procured a purchaser who was able, ready and willing to purchase said

timber at the prices and on the terms of the contract, and that it was no fault of plaintiff's that the deal was not closed, but was the fault of the defendant. The law is well settled that if the agent is the efficient cause in bringing about the sale that it is immaterial that the same is not consummated by him, but by the principal himself, where a failure to consummate same is not due to any fault of the agent. "While the principal undoubtedly has the right, unless the same has been expressly waived by him, to sell the property notwithstanding the employment of the broker, and not be liable to the broker for commissions if the broker's efforts were not, in fact, the procuring cause of the sale; but the principal can not, when the broker's efforts have resulted, in negotiations for a sale, step in, and, by taking the matter into his own hands, and completing the sale, escape liability to the broker." (Sec. 967, Mechem on Agency.)

So generally, if the agent has performed his part of the agreement, and the failure to consummate the trade is not his fault, but the fault of the principal, the agent is entitled to recover. In the present case the effort to defeat plaintiff's recovery is based chiefly upon the idea that the appellant had revoked the authority of the plaintiff, and that the timber was thereafter sold by it to the purchaser. The facts disclose that the sale was made under the authority granted by reason of the letter addressed by appellant to the plaintiff under date of October 17, 1904, wherein no time limit for making the sale was prescribed. It also appears from the evidence that the purchaser, the Keystone Mills Company, had agreed to buy at the prices named in said letter prior to the date of appellant's attempted revocation of plaintiff's authority. It further appears from the testimony and the findings of fact of the court that appellant knew that plaintiff had procured the purchaser at the time it undertook to revoke said agency. If, at the time of the attempted revocation, there had been no acceptance on the part of the purchaser of the terms of sale as prescribed in said contract, appellant would have had the right to revoke said agency; but, under the authority granted 'in the letter to sell, plaintiff had a reasonable time within which to do so; and certainly, where he found a purchaser able, ready and willing to buy, and who had in fact accepted the terms offered by plaintiff, the seller would have no right at this juncture to revoke the agent's authority. Upon this subject Mr. Mechem says:

"Usually the broker is entitled to a fair and reasonable opportunity to perform his obligation, subject, of course, to the right of the seller to sell independently. But that having been granted him, the right of the principal to terminate his authority is absolute and unrestricted, except only that he may not do it in bad faith, and as a mere device to escape the payment of the broker's commissions. Thus, if in the midst of negotiations instituted by the broker, and which were plainly and evidently approaching success, the seller should revoke the authority of the broker, with the view of concluding the bargain without his aid and avoiding the payment of commissions about to be earned, it might well be said that the due performance of his obligation by the broker was purposely prevented by the principal. But if the latter acts in good faith, not seeking to escape the payment of commissions, but moved fairly by a view of his own interest, he has the absolute right, before a

bargain is made, while negotiations remain unsuccessful, before commissions are earned, to revoke the broker's authority, and the latter can not thereafter claim compensation for a sale made by the principal, even though it be to a customer with whom the broker unsuccessfully negotiated, and even though, to some extent, the seller might justly be said to have availed himself of the fruits of the broker's labor." (Sec. 968.)

The facts show that, before appellant attempted to revoke the agency, plaintiff had in fact procured a purchaser at the price stated in the contract, and therefore was entitled, under the contract, to his commissions, and that the revocation came too late.

By its third assignment of error, submitted as a proposition, appellant insists that plaintiff can not recover, because it appears from the evidence that he acted not as the agent for appellant but as the agent of the purchaser of the timber. The testimony is to the effect that the plaintiff never received a cent of commission or remuneration of any kind from the Keystone Mills Company for securing the timber or land, and did not expect anything from it, and there is nothing to controvert this in the record. This assignment is therefore overruled.

By its fourth assignment of error appellant insists that the judgment is not supported by the evidence. We think it sufficient to say in reply to this that plaintiff, immediately after the contract was made, diligently set to work to procure a purchaser for this timber; that he expended considerable money in advertising same; that he frequently took parties over the land, and spent much time in endeavoring to bring about the sale to the Keystone Mills Company, who finally purchased the timber; that through his instrumentality the purchaser was procured, who was shown to be able and willing to pay for the timber at the price named in the contract; but that the appellant, for the apparent purpose of avoiding the payment of plaintiff's commission, undertook to revoke the agency with a knowledge of these facts, and afterwards sold the land to the same purchaser. Under these circumstances, clearly shown by the record, we think the facts amply sufficient to support the judgment of the court below, and the same is affirmed.

*Affirmed.*