Nelson v. Nelson.

CHARLES G. NELSON ET AL., APPELLEES, V. FRED NELSON, APPELLANT.

FILED MARCH 13, 1914.   No. 17,663.

1. **Brokers:** AGENCY CONTRACT: PURPOSE OF STATUTE. A contract by which one employs an agent to assist him in making an exchange of properties is not governed by the provisions of section 2628, Rev. St. 1913. The purpose of that section was to protect landowners from fictitious claims of real estate dealers.

2. **Trial:** DIRECTING VERDICT. Where the evidence bearing upon the vital issue presented by the pleadings in a case is of such a nature that reasonable minds cannot disagree as to its effect, it is proper for the court to require the jury to return a directed verdict.

APPEAL from the district court for Douglas county: WILLIAM A. REDICK, JUDGE. *Affirmed.*

*Brome & Brome,* for appellant.

*J. L. Kaley, contra.*

BARNES, J.

Charles G. Nelson and Charles W. Kaley recovered a judgment against the appellant in the district court for Douglas county for the sum of $478.40, and this appeal is prosecuted for the purpose of reversing that judgment.

The suit was commenced in the county court, and by stipulation of the parties was tried in the district court on the pleadings filed in the county court, which are too long to be copied in the opinion. It is sufficient to say that defendant entered into a contract with the plaintiffs

as follows: "Omaha, Nebraska. Real Estate Agent's Contract. I hereby agree to employ Charles W. Kaley and Charles G. Nelson, as my agents to sell, trade and convey my town property or farm property or any property that I might put in on a deal on a farm of 1,160 acres in Miller Co., Mo., now owned by a man at Plattsmouth, Neb. And for and in consideration for services in making this deal, I agree to pay to said agents a cash commission of $500 when a contract has been drawn conveying these properties, or as soon thereafter as the contracting parties here agree to. Signed in duplicate this 3d of May, at Omaha, Neb., 1910. Fred Nelson, Chas. W. Kaley, Chas. G. Nelson."

It was alleged that according to the terms of the contract plaintiffs procured the exchange of property to be made, and caused the 1,160-acre farm in Miller county, Missouri, to be conveyed by good and sufficient deed to the defendant; that defendant had paid them $64.75 on the contract, and that there was a balance due from the defendant to plaintiffs amounting to $435.25 with interest, for which they prayed judgment.

The answer of the defendant was a general denial of the allegations of the petition not specifically admitted, and an allegation that plaintiffs ought not to recover against him, for that plaintiffs were the agents employed by one J. P. Falter to procure the exchange of the Miller county, Missouri, farm for the defendant's town property in the city of Omaha; that at the time he entered into the contract defendant was not aware of that fact; and that, by means of certain false representations made by plaintiffs, defendant was induced to exchange his Omaha property for said farm. There followed a description of the false representations alleged to have been made by plaintiffs, and a statement of certain rents collected and retained by the plaintiffs, amounting to $72, for which, with interest, the defendant prayed judgment against the plaintiffs. The reply put the allegations of defendant's answer in issue.

A trial was had to the court and a jury, and after the evidence was introduced the defendant requested the court to direct the jury to return a verdict in his favor. His request was denied, and the court on its own motion directed the jury to return a verdict for the plaintiffs for the sum of $478.40, as above stated. The verdict was returned, judgment was rendered thereon, and the defendant has appealed.

Counsel for defendant contends that the judgment of the district court should be reversed, because the contract does not contain a description of the property which he proposed to exchange for the Miller county farm. We think this contention is without merit, for, as we view the contract, it was an agreement on defendant's part to pay plaintiffs the sum of $500 to assist him in purchasing the farm in question, and the evidence found in the bill of exceptions fully confirms our view of the contract. In fact, the plaintiffs were employed by the defendant to purchase for him the Missouri farm by paying for it with such properties as he had, and it appears that they performed their part of the contract.

In *Howell v. North*, 93 Neb. 505, it was said: "The purpose of the statute was to protect landowners from fictitious claims of real estate dealers who actually never sold the land they claimed to sell and never earned the commissions for which they were claimants; but it was never the intention of the legislature to protect the real estate owner against legitimate claims for services which he authorized in writing and which were honestly rendered."

It is apparent that the real question which the trial court was required to determine was whether the defendant had knowledge of the fact that plaintiffs were representing Falter, the owner of the Missouri farm, during the negotiations which led up to the exchange of the properties. On that question the bill of exceptions discloses that, when defendant first went to plaintiffs' office, he was told by Nelson that Mr. Kaley had gone to Missouri with a man from Nance county to try to sell him the farm in question, which he was also told belonged to a man in

Plattsmouth. He immediately became interested in the matter, and wanted to be told when Kaley returned, for the reason that, as he stated, if Kaley did not sell the farm to the Nance county man, there might be a chance for him to secure it. When Kaley returned, defendant was informed of that fact, and was told that no deal had been made. The next day he went to the plaintiffs' office, and there the matter was discussed. Plaintiffs told him the transaction was a large one, and that he might not be able to swing it; but defendant thought he could do so, and explained to plaintiffs the nature and amount of the property he could exchange for the farm, and at his request plaintiffs asked Falter to come to Omaha and talk the matter over with him. Falter came to Omaha, and they went over the matter together, and Mr. Kaley agreed to go with the defendant to Miller county, Missouri, and show him the farm. The defendant and Mr. Kaley started immediately for Missouri without Mr. Falter, who agreed to pay Kaley's necessary expenses for showing the defendant the farm. Kaley and the defendant arrived in Missouri the next evening, stayed at Tuscumbia all night, and the next day they took a couple of saddle horses and rode all over the farm, examined the buildings and improvements, returning to Tuscumbia that night. Defendant expressed himself well satisfied with the deal, and signed a telegram, which was sent to Kaley's partner (Mr. Nelson), asking him to close the deal and exchange the contracts, which had been drawn before Kaley and the defendant started on their journey to view the farm.

There appears to have been some trouble about defendant's abstract, and he procured the plaintiffs to induce Falter to give him 30 days in which to close the deal and exchange conveyances. Falter agreed to this, and when everything was ready defendant and the plaintiffs went to Plattsmouth, and the conveyances were exchanged and the deal was closed. Mr. Falter offered at that time to pay plaintiffs their commission, and the next day sent them a check for the same. The defendant then placed some rent accounts in the plaintiffs' hands for collection,

and promised to pay the $500 mentioned in his contract in about a week.

In view of these facts, reasonable minds could not find that defendant had no knowledge of the fact that plaintiffs were the agents of Mr. Falter for the purpose of selling or trading his Missouri farm for other property, and the trial court did not err in directing the jury to return a verdict for the plaintiffs.

Defendant made numerous offers of proof as to subsequent transactions relating to the trade, none of which constituted any defense to the plaintiffs' cause of action, and were properly excluded.

As we view the record, the judgment of the district court was right, and is

AFFIRMED.

LETTON, FAWCETT and HAMER, JJ., not sitting.