IN RE ESTATE OF BROCKWAY.

CHARLES BOON, APPELLANT, v. ESTATE OF BROCKWAY, APPELLEE.

FILED SEPTEMBER 22, 1916. No. 18921.

1. **Brokers:** CONTRACTS: VALIDITY. An oral contract for the sale of lands between the owner of the lands and a broker or agent cannot be enforced by the broker or agent. Rev. St. 1913, sec. 2628.

2. ——: ——: ——. In an oral contract by a broker to assist in finding and purchasing specified personal property, a provision that certain real estate, at a specified price, shall be used as part payment for the personal property so purchased, will not make the contract one "for the sale of lands," within the meaning of section 2628, Rev. St. 1913.

3. ——: ACTION ON CONTRACT: HEARING. In an action upon such oral contract to recover commission alleged to have been agreed upon, if the contract as alleged is denied, and the defendant alleges that the contract with the broker was for the sale of specified real estate, the court should hear the evidence and determine the real nature of the contract.

APPEAL from the district court for Cedar county: GUY T. GRAVES, JUDGE. *Reversed.*

*Alfred Pizey,* for appellant.

*Frank P. Voter, contra.*

SEDGWICK, J.

A. L. Brockway, a resident of Cedar county, died in November, 1912. About nine months afterwards this plaintiff filed a petition in the county court of that county, alleging that the relatives of the decedent had neglected for more than 30 days to apply for administration, and alleging that the plaintiff was a creditor of the said decedent, and asking that administration of the decedent's estate be had. Upon the hearing in the county court, that court made a finding against the plaintiff as follows: "The court, being fully advised in the premises, by the pleading filed and the proofs offered, finds for the objector, Scott A. Brockway, and his coheirs, upon the issues joined, and against the claimant, Charles Boon, to all of which the petitioner, Charles Boon, duly excepts." From this finding and the order thereon the plaintiff appealed to the district court. In that court a motion was made to dismiss the cause, "Because it appears from the petition herein that the pretended claim of the petitioner against said estate is based upon an oral contract for the sale or exchange of real estate situated in Nebraska; that said contract is void under the laws of Nebraska, and said alleged claim based thereon is invalid and unprovable." The motion was sustained, and the plaintiff has appealed to this court.

In his petition for administration the plaintiff alleged that the estate of the decedent was of the estimated value of $10,000; that the widow and next of kin have neglected for more than 30 days after the death of the decedent to apply for administration, and stated his claim against the estate as follows: "That on or about the 1st day of October, 1912, the said A. L. Brockway, theretofore hav-

ing been in the hardware business at Crofton, Nebraska, and having lost his stock by fire, entered into an oral contract with your petitioner in the city of Sioux City, in Woodbury county, state of Iowa, whereby said A. L. Brockway promised and agreed that, if your petitioner would procure for him a hardware stock and business, real estate owned by him at Laurel, Nebraska, to be put in as payment or part payment, at a valuation of $2,000, he would pay your petitioner the sum of $300 for the service in procuring such stock, business and exchange of properties; that your petitioner performed the service to be rendered by him under said contract, and procured for the said A. L. Brockway a hardware business and stock of hardware at Bancroft, Nebraska, owned by Altschuler, putting said real estate into the deal as part payment at the said value of $2,000, and the said A. L. Brockway took over said business and stock, paying therefor the sum of $7,000." He alleged also that the sum of $85.67 was paid him by the decedent as part payment of the amount due him, and that no more has been paid.

There was an answer filed to the petition, in which the alleged contract was denied, and in which it was alleged that the contract, if any such was made, was for the sale of real estate, and was void under our statute. The statute provides: "Every contract for the sale of lands, between the owner thereof and any broker or agent employed to sell the same, shall be void, unless the contract is in writing and subscribed by the owner of the land and the broker or agent, and such contract shall describe the land to be sold, and set forth the compensation to be allowed by the owner in case of sale by the broker or agent." Rev. St. 1913, sec. 2628.

In *Nelson v. Nelson*, 95 Neb. 523, the contract was in writing, and yet it was said that a contract for an exchange of land and property would not fall within the terms of the statute, as that statute relates only to the sale of lands. This statement, so broadly made, was not necessary in that case, and appears to be dic-

tum, and, without approving or disapproving it, it must be considered that the contract in this case is not a contract for the exchange of lands, and the language in the *Nelson* case does not apply.

The petition in this case alleges a contract on the part of the plaintiff to assist the decedent in finding and purchasing a stock of hardware, that the plaintiff did so assist him in accordance with the contract, and that, availing himself of that assistance, the decedent did purchase a stock of goods and paid therefor the price of $7,000. The allegation that a part of the purchase price was paid by the transfer of title to real estate would not be conclusive that the contract between the parties was for the sale of real estate. The denial of the plaintiff's allegation as to the contract and the allegation of the answer that the contract was for the sale of real estate presented an issue of fact, which as the contract was oral, was a subject of proof. The county court heard the evidence, and upon the pleadings and evidence together determined the issue presented. The district court was clearly wrong in determining the matter upon the record alone and without hearing the evidence.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.