J. E. SALLACK, APPELLEE, V. JESSE FREEMAN ET AL., APPELLANTS.

FILED JUNE 6, 1921. No. 21653.

Brokers: CONTRACT: EXCHANGE OF LANDS. A parol contract for payment of commissions for procuring an exchange of lands is not governed by the provisions of section 2628, Rev. St. 1913.

APPEAL from the district court for Douglas county: LEE S. ESTELLE, JUDGE. *Affirmed.*

*Arthur C. Pancoast* and *Williams & Kryger*, for appellants.

*Gaines, Ziegler, Van Orsdel & Gaines*, contra.

Heard before LETTON, DAY and DEAN, JJ.; SHEPHERD and STEWART, District Judges.

STEWART, District Judge.

Action, upon agreed facts, to recover broker's commissions for exchange of real estate. Plaintiff recovered, and defendants appeal.

Both parties concede in their briefs that the only ques-

tion involved is the right of a broker to recover commissions for the exchange of real estate, without having had a contract as provided by section 2628, Rev. St. 1913, which reads as follows:

"Every contract for the sale of lands, between the owner thereof and any broker or agent employed to sell the same, shall be void unless the contract is in writing and subscribed by the owner of the land and the broker or agent, and such contract shall describe the land to be sold, and set forth the compensation to be allowed by the owner in case of sale by the broker or agent."

The testimony shows appellee's employment under the following contract:

"The Merchants Hotel, Dan W. Gaines, Proprietor, 15th and Farnam Sts.

"Omaha, Nebr., Feb. 13-18.

"This is to certify that I hereby agree to pay a commission of $500 to.my agent, J. E. Sallack, in the exchange of the So.½ Sec. Three and the N.E.¼ Sec. 10, Twp 30, Range 10, W. 6 P. M., Holt county, Nebr., upon any terms that are acceptable to me for the apartment house located in the City of Omaha, Nebr., and known as the Peoria.    Minor B. Freeman."

The testimony further shows that through the efforts of appellee, on March 13, 1918, a written agreement was entered into between Dan W. Gaines and Jesse L. Freeman for the exchange of the properties mentioned in the employment contract, and soon thereafter transfers were made accordingly.

Appellants contend that the employment contract is void because not signed by the appellee.  The contract in question was for an exchange, and not a sale of real estate.  We must determine the meaning of this statute, in the absence of ambiguity from its terms, and from what the legislature plainly said.  25 R. C. L. 957, 958, secs. 213, 214.

In *Lucas v. County Recorder of Cass County,* 75 Neb. 351, this court defined the distinction between a sale and

Sallack v. Freeman.

an exchange of property, as follows: "A sale is a transmutation of property or a right from one person to another, in consideration of a sum of money, as opposed to barters, exchanges and gifts." The case also affirms a judgment obtained by a broker, acting under an oral agreement for an exchange of land, effected by his efforts.

In *Nelson v. Nelson,* 95 Neb. 523, this court gave the statute a strict construction. It said: "A contract by which one employs an agent to assist him in making an exchange of properties is not governed by the provisions of section 2628, Rev. St. 1913. The purpose of that section was to protect landowners from fictitious claims of real estate dealers." The written contract in that case contained no description of the real estate exchanged, and did not come within the requirements of said section, and therefore was not better than an oral contract. The same statute was given a strict construction in *Reasoner v. Yates,* 90 Neb. 757, holding it inapplicable to a contract between the agent of the owner and a subagent.

At common law, a contract between the owner and a broker for commissions arising from the sale or exchange of lands was not required to be in writing. The statute is in derogation of the common law, and, in jurisdictions other than our own, it has for that reason been generally declared one which should be strictly construed. 9 C. J. 558, sec. 60; *Brown v. Winter,* 80 N. J. Law, 632; *Levy v. Timble,* 94 N. Y. Supp. 3.

Suggestion is made in appellants' brief that the verdict was directed against both defendants. Under the evidence, and in the absence of the answer from the transcript, we find no error in the proceeding.

We conclude that the contract in question is not within the provisions of the statute, and was valid and enforceable. The judgment of the district court is

AFFIRMED.