THOMAS R. GILL ET AL., APPELLEES, V. GEORGE B. EAGLETON.
APPELLANT.

FILED MARCH 28, 1922.   No. 21679.

1. **Vendor and Purchaser:** EXCHANGE OF PROPERTY. Where real estate is parted with for a valuable consideration, even if only a portion thereof is money and the remainder is other property, if the bargain is made, and the value of the real estate parted with is measured in money terms, and the real estate is paid for in money or its equivalent, or in something which the parties agree to treat as having a fixed and definite value in money, the transaction is a sale, as distinguished from an exchange.

2. ———: ———: SALE. Where a 68-acre tract of land, valued at $5,100, is transferred for a gasoline tractor plow outfit, valued at $1,000, and $1,600 in cash and a note for $2,500 secured by a mortgage on the land transferred, the transaction *held* to be a sale, and not an exchange.

3. **Brokers:** CONTRACT: STATUTE OF FRAUDS. In an action to recover compensation for services rendered as a broker in effecting a sale of real estate, a petition that discloses on its face that the brokerage contract was not in writing is subject to attack by demurrer.

APPEAL from the district court for Burt county: CHARLES A. GOSS, JUDGE. *Reversed.*

*B. C. Enyart,* for appellant.

*J. A. Singhaus, contra.*

Heard before MORRISSEY, C. J., ALDRICH, FLANSBURG and ROSE, JJ., BROWN and ELDRED, District Judges.

BROWN, District Judge.

The defendant appeals from a judgment rendered against him in the district court for Burt county for a balance of commissions alleged to be due the plaintiffs as real estate brokers.

The first contention urged is that the trial court erred in overruling the defendant's general demurrer to the petition, which defendant asserts sets forth a cause of action

falling within the inhibition of section 2628, Rev. St. 1913. This necessitates a consideration of the allegations of the petition. The plaintiffs allege that at the time in question they were engaged in the real estate business; that the defendant was the owner of 68 acres of land (describing it) "which he listed with plaintiffs at $50 an acre net to him, and in the event of plaintiffs negotiating an exchange of said land for other property, plaintiffs were to have, as their commission, all they were able to obtain for said premises above that price, which said agreement, with respect to said exchange, was oral between plaintiffs and said defendant;" that one Frank W. Olinger "was the owner of a gasoline tractor plow outfit, which he was anxious to dispose of in an exchange for real estate, and he had the same listed with plaintiffs at the price of $1,000;" that they brought the defendant and the said Olinger together "and negotiated an exchange of said tractor plow outfit, at the price of $1,000, to said defendant for said premises above described, which was priced to said Olinger at $75 an acre, or $5,100, and said defendant and said Olinger entered into a written contract of exchange on said day upon the above basis, and the said defendant received upon said contract from said Olinger the sum of $500 in cash, and it was provided in said contract that the sum of $1,100 should be paid to him in cash upon March 1, 1915, and that said defendant would convey said premises to said Olinger upon said date, and receive back from him a mortgage upon said premises for the balance in the sum of $2,500, due in three years from said date, bearing interest at 5 per cent. per annum;" that, in accordance with said written contract, in addition to the $500 cash mentioned, the defendant received $1,100 in cash on March 1, 1915, and a note for $2,500 secured by mortgage on the premises, at the time of the transfer of the real estate by the defendant to said Olinger; that they, "by agreement with said defendant, took over said tractor outfit upon the date of said exchange in part payment upon their com-

mission as above set. forth, at the agreed value of $1,000, and have since sold and disposed of the same and applied the same thereon;" that the defendant has secured through foreclosure of the $2,500 mortgage certain other sums of money and a new note for $1,000 secured by mortgage on said land; that they have tendered to the defendant $385.25, "which is a much larger sum than is still unpaid to him, upon his net price of said land with interest, under his said contract of exchange entered into with said Frank W. Olinger," and have demanded that the defendant assign said $1,000 note and mortgage to them, but the defendant "refused to accept said tender, and further refused to make said assignment, and refused to acknowledge that said plaintiffs had any interest in said note and mortgage, and he then and thereby converted the same wholly to his own use and benefit;" that they renew their tender; and they pray that the court decree an assignment of said $1,000 note and mortgage to them, or award them judgment for $700 and interest for the remainder due them for commissions.

It will be observed that the petition alleges that whatever contract existed between the plaintiffs and the defendant was oral, and the plaintiffs make no contention in this court that there was a written contract. They assert that the petition alleges an oral contract whereby the defendant agreed to give them as their commission all that they secured above $3,400 for the exchange of his land, that the transaction that was consummated as a result of their efforts was an exchange, as distinguished from a sale, and that therefore section 2628, Rev. St. 1913, does not apply. The defendant contends that the petition is a laborious and verbose attempt to convert a real estate sale into an exchange, and that it states a cause of action that is barred by section 2628, Rev. St. 1913, which provides:

"Every contract for the sale of lands, between the owner thereof and any broker or agent employed to sell the same, shall be void, unless the contract is in writing and sub-

scribed by the owner of the land and the broker or agent, and such contract shall describe the land to be sold, and set forth the compensation to be allowed by the owner in case of sale by the broker or agent."

We are faced in the first place, therefore, with the duty of determining whether the transaction set forth in the petition was a sale or an exchange. Summarized, this transaction consisted of the transfer of 68 acres of land at a valuation of $5,100 for a gasoline tractor plow outfit at a valuation of $1,000, $1,600 in cash, and a note for $2,500 secured by a mortgage on the land transferred. The consideration for the land was wholly money or its equivalent, except the tractor plow outfit, which was valued at $1,000 and was taken by the plaintiffs by agreement to apply upon their commission. The defendant himself received no property of any kind, as distinguished from a money consideration.

The precise question presented has never been decided by this court. The plaintiffs contend that the cases of *Lucas v. County Recorder of Cass County*, 75 Neb. 351, and *Nelson v. Nelson*, 95 Neb. 523, govern and determine the question in their favor. In the last-mentioned case the brokerage contract provided for the sale or trade of defendant's "town property or farm property or any property" that he might put in for a particular farm in Missouri. No part of the consideration was money and no fixed price was placed on any of the property. The transaction involved was treated as, and clearly was, an exchange. This court stated in the first paragraph of the syllabus that a contract to assist in securing an exchange of properties is not governed by section 2628, Rev. St. 1913; but in the later case of *In Re Estate of Brockway*, 100 Neb. 281, attention was called to the fact that this statement was not necessary and was dictum.

In the case of *Lucas v. County Recorder of Cass County*, *supra*, the original contract between the owner and the broker was a written one providing for a "sale" of certain

land.  This was subsequently modified by an oral agreement resulting in the transfer of real estate for other real estate and a stock of merchandise.  In the course of the opinion it was stated: "A sale is a transmutation of property, or of a right, from one man to another, in consideration of a sum of money, as opposed to barters, exchanges and gifts"—taking this definition from the Rapalje & Lawrence Law Dictionary.  While this definition is correct, so far as it goes, it merely gives a broad and general definition of a sale, without attempting to define an exchange or to set forth the technical distinctions between a sale and an exchange.  There was no occasion for a distinction, and no attempt at a technical definition of a sale.  The transaction was an exchange and was so recognized.

At common law an exchange of land was a mutual grant of equal interests, not necessarily in value, but in dignity, as a fee for a fee, the one in consideration of the other, and differed from a sale, in that no fixed money price or value was placed on either of the properties exchanged.  39 Cyc. 1181; *Windsor v. Collinson,* 32 Or. 297; *Long v. Fuller, Admr.,* 21 Wis. 121; *Hartwell v. DeVault,* 159 Ill. 325; 2 Blackstone, Commentaries, *323.

However, the technical exchange of land, as known to the common law, now occurs rarely, and in modern times the term exchange has come to be used in a much broader sense.  The modern view of what constitutes an exchange and the distinction between an exchange and a sale, as expressed by the courts and law writers, is well summarized in 23 C. J. 185, where it is stated that, broadly speaking, where property is transferred for property other than money it is an exchange, but where the transfer is for money the transaction is a sale, but that "it has been generally held, where the question has arisen, that any transaction whereby property is parted with for a valuable consideration, whether there be a money payment or not, provided the bargain is made and the value measured in money terms, and paid or agreed to be paid in something

which the parties agree to treat as a specified amount of money, is a sale, but that where property is transferred for property, no price being set upon either piece, the transaction is an exchange."

The rule is stated in Tiedeman, Sales, sec. 12, as follows: "The consideration must be a price in money. Although it has been sometimes held that a sale must be a transfer for money, and that every other transfer is an exchange or barter, the better opinion is that the transaction is still a sale, although the transfer is made for something else than money, provided each article is transferred at an agreed or the market value, so that the one thing is received in payment of the price of the other."

In *Gardner v. Kiburz,* 184 Ia. 1268, the contract provided for the transfer of a farm at a fixed price for a certain amount in money and another tract of land that was valued at some $10,000 more than the amount of cash paid. The court held that it was a sale, and not an exchange, quoting with approval from *Fagan v. Hook,* 134 Ia. 381, and stating: "The criterion in determining whether there has been a sale or an exchange of personal property is whether there is a fixed price at which the things are to be exchanged. 'If there is such fixed price, the transaction is a sale; but, if there is not, the transaction is an exchange.' "

Recognizing the same rule and distinction are, among other authorities: 11 Am. & Eng. Ency. Law (2d ed.) 570; *Thornton v. Moody,* 24 S. W. (Tex. Civ. App.) 331; *Westfall v. Ellis,* 141 Minn. 377; *Grace v. McDowell,* 60 Or. 577; *Ross v. Kenwood Inv. Co.,* 73 Wash. 131; *Jenkins v. Mapes,* 53 Ohio St. 110; *Fuller v. Duren,* 36 Ala. 73, 76 Am. Dec. 318; *Long v. Fuller, Admr.,* 21 Wis. 121; *Pickard v. McCormick,* 11 Mich. 68.

The foregoing authorities seem to make it clear that the transaction in question was a sale, as distinguished from an exchange. The petition alleges that the defendant's land was transferred, at the fixed and agreed price of

$5,100, for money or its equivalent and a tractor plow out-fit was taken at the fixed price of $1,000. The defendant's real estate was not exchanged for other property in whole, nor for any property at an indefinite valuation, and the money consideration was more than four times as great as the valuation placed upon the personal property.

Did not the rule laid down by the weight of authorities make the above conclusion imperative, it must be apparent that the construction contended for by the plaintiffs would be wholly subversive of the plain intent of the statute. Carried to its logical conclusion, it would result in our being compelled to hold that, where the owner of real estate received as part of the consideration therefor a piece of personal property, no matter if it possessed no more intrinsic value than the proverbial trader's jack-knife, the transaction was an exchange, and not a sale, and therefore not within the protection of the statute. The result would be to defeat the very evident intention of the legislature and to render the statute in effect and operation wholly nugatory.

Having determined that the transaction in question was a sale, the oral contract alleged with respect to it between the plaintiffs and the defendant was, of necessity, under the provisions of section 2628, Rev. St. 1913, unenforceable. The next question, therefore, is whether or not the defendant could raise the bar of the statute by a general demurrer. We have held in *Pierce v. Domon*, 98 Neb. 120, that the statute in question "is virtually an extension and enlargement of the statute of frauds." The fifth paragraph of the syllabus in *Powder River Live Stock Co. v. Lamb*, 38 Neb. 339, states: "In an action upon a contract within the statute of frauds, the petition must state facts taking the contract out of the statute, or the pleading will be demurrable." This statement of the rule as applicable to contracts required to be in writing is too broad, in that it does not limit its application to petitions affirmatively showing that the contract is oral. The petition in the case

did, however, allege an oral contract. The rule is more correctly stated in the later case of *Smith v. Aultz,* 78 Neb. 453, where it is held: "In an action to recover compensation for services rendered as a real estate broker, a petition which discloses on its face that the contract of agency was not in writing is open to attack by demurrer." See, also, *Schmid v. Schmid,* 37 Neb. 629; 20 Cyc. 309, 312; Phillips, Code Pleading, secs. 333, 334. It is evident, therefore, that the defendant's demurrer properly raised the bar of the statute, and that the demurrer should have been sustained.

The judgment of the district court is therefore reversed and the cause is remanded.

REVERSED.