## STASKEY et al. v. SMITH.  (No. 161.)

(Court of Civil Appeals of Texas. Waco. Jan. 29, 1925.)

**1. Brokers ⬦86(5)—Evidence held to sustain finding for broker.**

Evidence *held* to sustain finding that broker secured purchasers ready, able, and willing to buy stock of merchandise.

**2. Brokers ⬦88(5)—Refusal to submit issue whether broker acted in good faith held proper, where bad faith not shown.**

Where there was no testimony that broker was not acting in good faith and for best interests of owner and broker complied with requirements in selling merchandise, court properly refused to submit issue whether broker acted in good faith and for interests of owner.

**3. Brokers ⬦63(1)—Broker procuring one ready and willing to buy entitled to commission, though owner arbitrarily refuses to deliver.**

Where broker finds purchaser ready and willing to buy on terms made by owner, he is entitled to commissions, and owner cannot defeat broker's right· by arbitrarily refusing to deliver.

Appeal from District Court, Robertson County; W. C. Davis, Judge.

Action by John H. Smith against Alex and J. J. Staskey. Judgment for plaintiff, and defendants appeal. Affirmed.

See, also, 240 S. W. 1032.

Henry A. Bush and Ben L. Parten, both of Franklin, for appellants.

J. Felton Lane, of Hearne, and Joe Reid, of Franklin, for appellee.

BARCUS, J. Appellants were in the general dry goods' business at Bremond, Tex., and on February 2, 1920, executed the following contract with appellee:

"This memorandum of an agreement made and entered into by and between J. J. Staskey and Alex Staskey, composing the firm of Bremond Cash Store, of Bremond, Tex., and John H. Smith, of Bremond, Tex., witnesseth:

"The said J. J. Staskey and Alex Staskey, in consideration of the services of said John H. Smith, in the sale of our stock of merchandise in Bremond, Tex., agree to pay to John H. Smith the sum of two thousand dollars in cash at the consummation of said sale of said stock of merchandise, directly or indirectly. We also agree that we will sell said stock of merchandise at invoice price plus ten per cent. and the said John H. Smith is hereby authorized to offer for sale said stock of merchandise at said price for cash. This agreement expires the 1st day of May, 1920."

Appellee filed this suit, alleging that acting under the above contract he found a purchaser for said stock of merchandise who was ready, able, and willing to purchase and pay for said stock of merchandise at invoice price plus 10 per cent. as provided for in said contract, and that the appellants refused to deliver said stock of merchandise to said purchaser, and that by reason of his having found a purchaser, he was entitled to his commission of $2,000.

Appellants answered by general demurrer; and for special answer alleged that they were induced to make the contract with appellee by false and fraudulent representations on the part of appellee, in that appellee had stated to them that there was no sale for the merchandise there at Bremond and that he could get in touch with buyers in other parts of Texas and the United States, and that said statement was false, in that appellee, at the time he made the contract with them, knew that C. M. Campbell and A. Sowma, who were competitors of appellants in Bremond, were anxious to buy appellants' stock of goods, and that as soon as they (appellants) discovered this fact, they repudiated said contract and canceled said agreement; that by reason of said fraud said contract was void. They further alleged that the contract did not embrace all the terms, but omitted the details as to taking of invoice, adjustment of differences, fixing of price of a large portion of the stock of goods which had no invoice, and other details.

The cause was tried to a jury and submitted on special issues. The jury found that appellee did secure purchasers who were ready, able, and willing to purchase the entire stock of goods of appellants on the terms and conditions stated in the written agreement sued on, and, based on said finding, the trial court entered judgment for appellee for the amount sued for, from which this appeal is perfected.

[1] Appellants claim that the findings of the jury are not supported by but are contrary to the testimony. Appellee testified in detail to the services rendered by him and the fact that he brought C. M. Campbell and A. Sowma in contact with appellants, and that he sold the stock of merchandise to said parties and that they had agreed to take same and were financially able to do so. C. M. Campbell, one of the purchasers, testified that appellee had sold to him and Sowma the stock of merchandise, and that they had agreed to and were ready, able, and willing to take the entire stock of appellants, "lock, stock and barrel," at invoice price plus 10 per cent., and were financially able to pay for same in cash. It was an admitted fact that the parties had sufficient money in cash in the bank to pay for the entire stock of merchandise. We think the evidence is sufficient to support the jury's findings.

[2] Appellants requested the court to submit the following special issue:

"Was the plaintiff, John H. Smith, acting in good faith and for the interest and benefit of the defendants, Staskey Bros., in his negotiations and efforts to compel said Staskey Bros. to sell and deliver said stock of goods to Campbell and Sowma on the terms and conditions which the said John H. Smith was seeking to make said sale? Answer Yes or No."

The trial court refused to submit same, and appellants assign error. We do not think there was any error in the court's refusing to submit this issue. There was no testimony offered tending to show that appellee was not acting in good faith and for the best interests of appellants. Appellee alleged, and the jury found as a fact, that he had sold the stock of merchandise for the exact price and on the exact terms that same had been listed with him for sale by appellants. There was no evidence offered that appellee in any way acted in bad faith. Neither of the appellants testified in the case, and the testimony of appellee as to his dealings in connection with the transaction was not in any way impeached or called in question.

[3] Where property is listed with a real estate agent or broker for sale, and he finds a purchaser who is ready, able, and willing to buy the property on the terms made by the owner, the real estate agent or broker is entitled to his commissions, and the owner of the property cannot defeat his right to recover by arbitrarily refusing to deliver the property to the purchaser so found and produced by the broker. Johnson & Moran v. Buchanan, 54 Tex. Civ. App. 328, 116 S. W. 875; Peach River Lumber Co. v. Montgomery, 51 Tex. Civ. App. 487, 115 S. W. 87.

We have carefully examined the entire record and do not find any reason for disturbing the judgment of the trial court.

The appellants' assignments of error are overruled, and the judgment of the trial court is affirmed.