WILLIAM DUNN, APPELLEE, v. CHRIS SNELL, APPELLANT.

FILED MARCH 16, 1933. No. 28474.

*Joseph E. Strawn* and *Hugh A. Myers,* for appellant.

*Lawrence F. Welch* and *John A. McKenzie, contra.*

Heard before Goss, C. J., Rose, Dean, Good, Eberly and Day, JJ.

Day, J.

This is an action brought by a real estate broker to recover compensation for services. He obtained a judgment in the trial court, from which the defendant appeals.

The contract employing the plaintiff was oral, and since the employment was to assist in making an exchange of properties, recovery is not barred by section 36-108, Comp. St. 1929; *Sallack v. Freeman*, 106 Neb. 299; *Gill v. Eagleton*, 108 Neb. 179; *Nelson v. Nelson*, 95 Neb. 523.

The plaintiff produced a customer, negotiated a trade, and the defendant signed a contract of exchange, containing a time limitation for acceptance. The plaintiff's customer did not accept the proposition. In the meantime, the defendant had an interview with the customer. The defendant displayed unusual diligence in getting back his exchange contract, making several trips to plaintiff's office. A short time thereafter he made the exchange, without the help of the broker, with the customer produced by him, upon the identical terms of the former contract. The final papers were prepared by another real estate broker in the same town. The defendant relies upon his attempted revocation of the broker's contract to defeat plaintiff's recovery, which he alleges he accomplished when he secured the copy of his proposition which had been submitted to the customer. There was no time limitation on the broker's contract.

A principal cannot defeat a broker's right to compensation for procuring a customer for an exchange of real estate by revoking his authority pending negotiations with the customer. *Handley v. Shaffer*, 177 Ala. 636; *Weisels-Gerhart Real Estate Co. v. Epstein*, 157 Mo. App. 101; *Maddox v. Harding*, 91 Neb. 292; *Peach River Lumber Co. v. Montgomery*, 51 Tex. Civ. App. 487; *Petersen v. Swanson*, 51 Idaho, 49; 9 C. J. 619.

Though an agency to sell real estate may be revoked at any time before the sale, such revocation must be in

good faith, and will not obtain to appropriate the broker's services without compensation. *Branch v. Moore,* 84 Ark. 462, 120 Am. St. Rep. 78; *St. Regis Paper Co. v. Hubbs & Hastings Paper Co.,* 235 N. Y. 30; *Johnson v. Columbia Mortgage & Trust Co.,* 201 S. W. (Mo. App.) 365.

In this case the evidence supports the finding of the trial court that the broker's contract was not revoked in good faith but was canceled so that defendant could appropriate the broker's services without compensation. The broker performed valuable services for defendant which were satisfactory because he accepted the fruits of his work. The judgment of the district court is

AFFIRMED.