FRANK PETERS, APPELLANT, V. HENRY DREGER ET AL., APPELLEES.

21 N. W. 2d 436

FILED JANUARY 11, 1946. No. 31990.

*Fischer, Fischer & Fischer,* for appellant.

*W. R. Patrick,* for appellees.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

YEAGER, J.

This is an action by plaintiff and appellant to recover from defendants and appellees a real-estate brokerage commission on the sale of a farm in Sarpy County, Nebraska. The case was tried to a jury. The verdict was for defendants. Judgment was entered on the verdict. From this verdict and judgment plaintiff has appealed. The errors assigned are that the court erred in giving instruction number 10; that the verdict is not sustained by the evidence; and that the verdict is contrary to law.

The pertinent facts out of which the action grew are the following: On April 20, 1942, the defendants signed a listing contract wherein they designated plaintiff their broker for the sale of a sixty-acre farm. The list price of the farm was $85 per acre or. $5,100. The agreed commission was five percent. The period of listing as stated in the agree-

ment was as follows: "This agreement to run 30 days months from date and thereafter until _____ days written notice is given of withdrawal from market." On November 2, 1942, plaintiff submitted to defendants an offer of one S. R. Hubbard to purchase the farm for $4,800. Payment by Hubbard was to be by assignment of the balance due him of approximately $1,000 on the sale of a house and two acres of ground, payable $18 per month with 6½ percent interest, $400 cash on or before December 20, 1942, balance except $100 to be paid March 1, 1943. The contract does not disclose when the $100 was to be paid. Quite probably this represents $100 which accompanied the offer of Hubbard. The offer was not accepted by the defendants. On November 21, 1942, defendants gave notice of the termination of the listing and the brokerage agreement.

On January 4, 1943, the defendants sold the farm to the said S. R. Hubbard under contract for $4,800. Payment provided therefor was as follows: Hubbard assumed a $3,200 mortgage on the farm, $480 cash was paid on the execution of the contract, Hubbard conveyed to the defendants title to Lot 22, Layton's Addition in Douglas County, Nebraska, and assigned to them a contract of sale thereto whereon there was a balance due of approximately $860 and agreed to pay on February 1, 1943, approximately $836.20 in cash. As a part of the agreement it was provided that defendants should be permitted to remove from the farm a temporary corn crib; all woven wire chicken fence; 70 rods of hog wire; dropping boards, roosts, and nests in chicken houses; a temporary setting shack; and two iron gates.

The theory of plaintiff is that as a real-estate broker, while his contract of listing was in full force and effect, he obtained the purchaser for defendants' farm and that though his listing contract had been canceled at the time sale was actually made sale was made because of his efforts and on substantially the same terms as had been offered through his efforts and he is therefore entitled to his commission.

. The theory is clearly a correct one and is sustained by the decisions of this court and he is entitled to its benefit if the facts bring him within its purview. The rule was stated in Nicholas v. Jones, 23 Neb. 813, 37 N. W. 679, as follows: " * * * when upon the procurement of the agent a purchaser is produced, with whom the seller, even himself, negotiates and effects a sale, although the terms may be somewhat changed, the agent is entitled to his commission." See, also, Dunn v. Snell, 124 Neb. 560, 247 N. W. 428.

The burden of this decision is therefore not with the theory upon which plaintiff has presented his case but upon the factual issues presented.

The case was submitted to a jury without motion for directed verdict by either party under instructions fully, fairly, and completely outlining and embodying this theory and the verdict was against him and in favor of the defendants.

Before this court would be justified in reversing the judgment on the second and third assignments of error, or either of them, it would be necessary to find that the plaintiff's evidence taken alone would require a finding at the hands of a jury in his favor, and that the evidence of defendant was insufficient in fact and in law, if believed, to amount to a defense to plaintiff's cause of action.

We do not believe that the record justifies such a finding and conclusion.

The plaintiff alleged that the defendants sold the farm to a purchaser produced by him. His evidence sustains conclusively the allegation. He alleged that notice of cancellation and revocation of his agency was given and that thereafter the sale was made on substantially the same terms as were obtained and submitted by him. The record discloses that defendants did give notice of cancellation and revocation of the agency and did thereafter make a sale of the farm. Defendants denied that the sale was consummated on the same or substantially the same terms as were contained in the offer submitted by plaintiff. They adduced evidence which they insist shows in fact a sale price sub-

stantially in excess of the offer tendered by plaintiff and terms of sale more favorable.

We have hereinbefore set out the details of the contract tendered by plaintiff and also the terms of the sale as made. It will be observed therefrom that the stated sale price in each was $4,800. Also in the offer was a tender in part payment of the purchase price of an assignment of the balance due on a real-estate contract of approximately $1,000 payable $18 per month. As against this in the sale defendants accepted an assignment of this contract, the balance due on which was approximately $860 together with title to the real estate there involved. In the sale the purchaser agreed to assume the balance due on a $3,200 mortgage on the farm. Presumably in plaintiff's tendered contract the prospective purchaser contemplated only taking subject to the mortgage. The down payment in the case of the offer was $400. In the case of the sale it was $480. The balance in each instance was to be cash. In the offer no property on the farm was reserved. In the sale property on the farm of the value of $150 was reserved. This is the value fixed by the defendant, Henry Dreger, and there is no evidence to the contrary.

The trial court on this evidence required the jury, without objection on the part of the plaintiff, to decide the question of whether or not the sale was made on substantially the same terms as those contained in the contract of sale tendered by plaintiff. The effect of the verdict was to say that they were not substantially the same. We are unable to say that the jury arrived at an incorrect conclusion.

The other error complained of, as has been pointed out, is that the giving of instruction number 10 was erroneous.

By the instruction the jury was told, which was the fact as disclosed by the record, that at the time plaintiff obtained his brokerage contract one August Nelson had a life estate in the farm in question and that the deed defining it was of record. The instruction further told the jury that the deed constituted notice to all persons having transactions relative to the farm of his interest therein and that he alone

could dispose of his interest and that this was an element that the jury could take into consideration as evidence in the case along with the other evidence and the instructions of the court.

By the instruction the jury was not told that these facts tended to prove or disprove any issue in the case but only that it had the right to consider them, and we fail to find any theory making proper the giving of the instruction. This case is not one which falls within the rule which denies to a real-estate broker his right to collect or recover a commission unless a sale is made. That rule obtains only where there is a contract between the principal and the broker to that effect, or to the effect that no commission shall be paid if the sale is not completed through fault of the prospective purchaser. Barber v. Hildebrand, 42 Neb. 400, 60 N. W. 594.

A principal cannot defeat the right of his real-estate broker to recover commission by inability to convey good title to real estate because of the failure to obtain a joinder in the conveyance by a third person who has an interest. Bell v. Stedman, 88 Neb. 625, 130 N. W. 257.

The giving of the instruction was clearly erroneous and we think prejudicial. The answer called attention to the life estate of August Nelson and pleaded that plaintiff had due notice thereof and knew that defendants could not deliver possession on account thereof.

It was evidently this proposition that the court intended to submit by the instruction. This was not a proper matter for consideration by the jury in the absence of some provision causing the broker's right to recover to depend upon the ability of defendants to deliver possession. No such provision appears.

For the reasons herein set forth the judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.