THE NEBRASKANS, INC., APPELLANT, V. JAMES A. HOMAN
AND ELIZABETH A. HOMAN, APPELLEES.

294 N. W. 2d 879

Filed July 22, 1980. No. 42791.

Bruce D. Vosburg of Fitzgerald, Brown, Leahy, Strom, Schorr & Barmettler, for appellant.

George A. Thompson of Robinson, Thompson & Hovey, for appellee.

Heard before McCOWN and WHITE, JJ., and COLWELL, KORTUM, and GRANT, District Judges.

KORTUM, District Judge.

This is an action for recovery of a real estate brokerage commission on the sale of real estate. The District Court for Sarpy County, Nebraska, granted summary judgment for the defendants. We affirm this judgment.

The defendants, James A. Homan and Elizabeth A. Homan, were owners of an apartment building in Bellevue, Nebraska. The Homans were contacted by an employee of the plaintiff, The Nebraskans, Inc., who knew the Homans were interested in selling.

On January 28, 1978, the parties signed a brokerage agreement with a stated price of $255,000 and a commission of 6 percent to the plaintiff. This brokerage agreement referred to the prospective (and eventual) buyers by their initials only.

On February 19, 1978, the Homans signed a purchase agreement with Hinton Lampley, Jr., and Ernest R. Wade which provided for a purchase price of $220,000, a $5,000 down payment, and a realtor's commission "as agreed." This agreement was signed by The Nebraskans, Inc., and was conditioned upon the purchasers' ability to obtain financing.

At the same time, the Homans and The Nebraskans, Inc., signed a Uniform Listing Contract giving Nebraskans the exclusive right to sell the Homan's property through February 20, 1978. This contract provided that Nebraskans were to receive the 6 percent commission, if within 6 months after expiration of the listing (through August 20, 1978), a sale was made due to Nebraskans' efforts.

The purchasers, Wade and Lampley, did not obtain the necessary financing and the $5,000 down payment was returned. On August 23, 1978, the Homans, without the participation of Nebraskans, signed a purchase agreement with Wade and Lampley for a price of $210,000 and the property was sold on October 17, 1978.

The trial court held that the written brokerage agreement of January 28, 1978, was merged with the listing and purchase agreement of February 19, 1978; that the listing contract expired on February 20, 1978, with the 6-month extension expiring on August 20, 1978.

The trial court further held that no sale was made by the plaintiff in conformance to the listing contract and plaintiff was not entitled to a real estate commission upon the defendants' sale of the property after expiration of the 6-month extension period.

Plaintiff first contends that there was no merger of the two agreements and that the trial court erred in so finding.

For a merger to take place, the same parties and the same subject matter must be involved and

there must be some showing of intent to merge the two agreements.

The brokerage agreement of January 28, 1978, and the listing agreement of February 19, 1978, cover the identical property to be listed. Both agreements are between the plaintiff and defendants. The inconsistency between them is a reduction in the sale price and a different time limit with a 6-month extension. Also, the latter agreement was an exclusive listing for the benefit of the plaintiff. These constitute material changes.

The pertinent rule is as follows: "A contract complete in itself will be conclusively presumed to supersede and discharge another one made prior thereto between the same parties concerning the same subject matter, where the terms of the latter are inconsistent with those of the former, so they cannot subsist together." *In re Estate of Wise,* 144 Neb. 273, 13 N.W.2d 146 (1944) (syllabus of the court); *Goings v. Gerken,* 200 Neb. 247, 263 N.W.2d 655 (1978) (syllabus of the court).

The language of this court in the *Goings* case, *supra,* is applicable here. At 251, 263 N.W.2d at 658, this court said, "It is obvious the parties made a new agreement. The second option agreement varied material terms of time and price, created a new agreement, and discharged the previous one."

The trial court was correct in holding that a merger of the agreements had occurred.

Plaintiff further contends that a material question of fact exists as to when the final purchase agreement was made.

Summary judgment is an appropriate remedy only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Farro v. Rubottom,* 202 Neb. 120, 274 N.W.2d 149 (1979).

Plaintiff raises the issue that perhaps the purchasers of the property had contacted the defendant

James A. Homan prior to August 23, 1978, when the agreement was executed. Plaintiff now states in its brief that it is not unreasonable to assume that the terms were agreed to before August 20, 1978, when the extension of the listing agreement expired.

Assumptions are not facts. The affidavit of defendant James A. Homan is unequivocal that he received a purchase agreement from Wade and Lampley on August 23, 1978. This assertion of fact is not controverted by any evidence in the record. Plaintiff would have us infer that something took place between the defendants and purchasers or that the defendants were contacted by the purchasers prior to August 20, 1978. There was nothing presented to the trial court to support this inference.

Plaintiff asserts that defendants are not entitled to judgment as a matter of law and cites *Peters v. Dreger,* 146 Neb. 670, 21 N.W.2d 436 (1946) and *Dunn v. Snell,* 124 Neb. 560, 247 N.W. 428 (1933), in support of this position. Both cases cited are clearly distinguishable.

In the *Peters* case, *supra,* the brokerage contract was to run "30 days months from date and thereafter until _____ days written notice is given of withdrawal from market." The contract in that case was signed on April 20, 1942, and on November 2, 1942, the plaintiff broker submitted an offer to purchase to the defendants. The defendants did not accept the offer and, on November 21, 1942, the defendants gave notice of the termination of the listing and brokerage agreement. On January 4, 1943, some 44 days later, defendants sold the property to the same buyer procured by the plaintiff for the amount as previously offered and submitted by the plaintiff.

In the *Dunn* case, *supra,* the brokerage contract was open ended, without a termination date. It appears that the defendant seller, after rejecting a purchase offer procured by the realtor, immediately terminated the brokerage contract and sold the

property to the purchaser obtained by the realtor upon terms identical to the former contract.

It is apparent that both cases cited by plaintiff were determined on the issue of when termination of the agency relationship occurred and the good faith of the seller in relation to the revocation of the agency agreement.

Such is not the fact in this case. The listing agreement is clear and unambiguous. The agreement expired on February 20, 1978, with a 6-month extension for the benefit of the plaintiff.

It is further uncontradicted that no sale was consummated through efforts of the plaintiff during the life of the agreement or by the defendants during the 6-month extension thereof.

There was no genuine issue of material fact presented to the trial court and defendants were entitled to judgment as a matter of law. The judgment for the defendants is affirmed.

AFFIRMED.